**Roger Dale STAFFORD, Sr.,
Petitioner–Appellant,**

v.

**Ron WARD, Warden, Oklahoma State Penitentiary at McAlester, Oklahoma; Drew Edmondson, Attorney General of Oklahoma, Respondents–Appellees.**

No. 95–6232.

United States Court of Appeals,
Tenth Circuit.

June 30, 1995.

Certiorari Denied June 30, 1995.

See 115 S.Ct. 2640.

**1026**

Stephen Jones and James L. Hankins, OBA of Jones & Wyatt, Enid, OK, for plaintiff-appellant.

Drew Edmondson, Atty. Gen., and Sandra Howard, Chief, Crim. Div., Oklahoma City, OK, for defendants-appellees.

Before MOORE, LOGAN, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

This matter is before us on appeal from the district court's dismissal of Appellant's petition for a writ of habeas corpus. The district court granted Appellee's motion to dismiss the petition as an abuse of the writ, and therefore denied Appellant's request for a hearing and his motion for stay of execution and order for abeyance pending exhaustion in the state courts. The district court granted a certificate of probable cause and Appellant appealed from the district court's rulings.[1] Appellant's habeas petition raises two claims. First, Appellant argues that the prosecution violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by withholding material exculpatory evidence about bloody fingerprints on the tailgate of the victims' vehicle, including an investigative report by Agent Darrel Wilkins of the Oklahoma State Bureau of Investigation ("OSBI"). Second, Appellant claims that executing him after fifteen years on death row, during which time he faced at least seven execution dates, would constitute cruel and unusual punishment in violation of the Eighth Amendment. Having carefully considered these arguments, we affirm the district court's decision to dismiss these claims.[2]

As a threshold matter, we address Appellant's motion for abeyance of these proceedings pending exhaustion of his claims in the state courts. On June 27, 1995, the district court of McClain County, Oklahoma, denied Appellant's supplemental application for post-conviction relief and for stay of execution. *Stafford v. State,* No. CRF–79–83 (June 27, 1995). On June 30, 1995, the Oklahoma Court of Criminal Appeals affirmed the district court's rulings, 899 P.2d 657. There-

1. This panel has closely monitored this petition since it was initially filed in the United States District Court, and considerable effort has been expended on the issues raised. This panel has had the benefit of all the briefs filed with the district court. Accordingly, the panel has determined unanimously that oral argument would not be useful, that no further briefing is necessary in this court, and that further delay in this appeal is not warranted. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Appellant's request for oral argument is therefore denied and the case is ordered submitted without oral argument. This order has been circulated to the en banc court and the judges of the court have been given an opportunity to call for a poll on en banc review. No such poll was requested.

2. Because we are now exercising jurisdiction over Appellant's appeal, we need not stay his execution in anticipation of potential jurisdiction. We therefore deny Appellant's Motion for Stay of Execution in Anticipation of Potential Jurisdiction. Because we have considered the issues raised in this appeal and find them to be without merit, we deny any stay of these proceedings.

fore we dismiss the motion for abeyance as moot.

■ We first address Appellant's *Brady* claim and agree with the district court that it constitutes an abuse of the writ because Appellant failed to raise it in his first federal habeas petition. *See McCleskey v. Zant*, 499 U.S. 467, 493–94, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991). Appellant has shown neither cause nor prejudice for this delay.[3] Although the record is unclear whether Appellant knew about the fingerprint evidence in 1985 when he originally filed his first petition, it is clear that he possessed the relevant information well before the district court dismissed that petition on May 5, 1993. In fact, Appellant relied on this fingerprint evidence as a basis for his motion to the district court to amend his first petition to add a claim of factual innocence pursuant to *Herrera v. Collins*, —— U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Because the basis for Appellant's current *Brady* claim was thus clearly known to Appellant while his first federal habeas petition was pending before the federal district court, and no "objective factor external to the defense" prevented Appellant from moving to amend that petition to add this claim, *see McCleskey*, 499 U.S. at 493, 111 S.Ct. at 1469–70, Appellant has not shown the "cause" to prevent dismissal under the abuse of the writ doctrine. *See Andrews v. Deland*, 943 F.2d 1162, 1183–84 (10th Cir.1991), *cert. denied*, 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992); *McKenzie v. Day*, 57 F.3d 1461, 1464 n. 6 (9th Cir.1995), *stay denied en banc*, 57 F.3d 1493 (May 9, 1995), *cert. denied*, —— U.S. ——, 115 S.Ct. 1840, 131 L.Ed.2d 846 (1995). In addition, we agree with the district court's conclusion that Appellant has also failed to show prejudice.

■ Appellant also has not shown that a fundamental miscarriage of justice would result if we dismissed his *Brady* claim as an abuse of the writ, because he has not demonstrated that this is one of the "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey*, 499 U.S.

at 494, 111 S.Ct. at 1470. Although the OSBI report in the prosecution's possession determined that the bloody fingerprints on the victims' vehicle did not belong to the victims Melvin or Linda Lorenz, or to Appellant, his brother, or his wife, it did not definitively eliminate the possibility that the prints belonged to the third victim, Richard Lorenz. To the contrary, the report documented the opinion of two investigators that the bloody prints "are consistent in class characteristics with the right middle and right ring fingers of Richard Lorenz." The fact that the report could not make an absolute identification due to the poor quality of the prints and the rubber lifts taken from Richard Lorenz is not enough for this evidence to provide a "substantial showing" that the alleged *Brady* violation " 'probably resulted in the conviction of one who is actually innocent.' " *Schlup v. Delo*, —— U.S. ——, —— – ——, 115 S.Ct. 851, 867–68, 130 L.Ed.2d 808 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986)); *see Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir.1993) (requiring that new evidence "affirmatively demonstrate [Appellant's] innocence"). Thus, we affirm the district court's dismissal of Appellant's *Brady* claim as an abuse of the writ.

■ Even if we did not dismiss Appellant's *Brady* claim as an abuse of the writ, we would still affirm the denial of habeas relief on the merits. To establish a *Brady* claim, Appellant must show that the fingerprint evidence was: (1) suppressed by the prosecution; (2) favorable to Appellant; and (3) material. *See United States v. Hughes*, 33 F.3d 1248, 1251 (10th Cir.1994). Appellant has failed to demonstrate at least the third of these elements, which requires Appellant to show "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* (internal quotes omitted). As noted above, we have reviewed the OSBI report, in which two investigators concluded that the most likely source of the fingerprints is one of the victims, Richard Lorenz. Because the report is therefore consistent with the prosecution's case, the evi-

---

**3.** The district court assumed that Appellant had     shown "cause," but found no prejudice.

dence may not even be considered exculpatory. Even if this evidence could arguably be construed as favorable to Appellant, however, it would have been of such minimal value in light of the other evidence at trial, that there is no reasonable probability that it would have altered the jury's verdict.[4] Thus, we would alternatively deny habeas relief on the merits of Appellant's *Brady* claim.

■ We next address Appellant's Eight Amendment claim. We conclude that Appellant has failed to show that executing him after fifteen years on death row, during which time he faced at least seven execution dates, would constitute cruel and unusual punishment. To our knowledge, there is no reported federal case that has adopted the position advocated by Appellant. Although two Supreme Court justices have expressed the view that lower federal courts should grapple with this issue, those views do not constitute an endorsement of the legal theory, which has never commanded an affirmative statement by any justice, let alone a majority of the Court. *See Lackey v. Texas,* —— U.S. ——, 115 S.Ct. 1421, 131 L.Ed.2d 304 (1995) (Stevens, J., memorandum respecting the denial of certiorari, and Breyer, J., expressing agreement).

The procedural posture of this case additionally persuades us to rule against Appellant's position. The lengthy delays in this case were incurred largely at the behest of Appellant himself, who sought the repeated stays to pursue his legal remedies. Appellant seeks to shift the blame for these delays back to the State, by arguing that pursuing post-conviction remedies would not have been necessary if, among other things, the Oklahoma Court of Criminal Appeals had

performed proper reweighings pursuant to *Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). However, *Clemons* made clear that the remedy for inadequate reweighings is not to bar the resulting execution, but to remand for a new reweighing. Because Appellant chose to avail himself of stays to pursue the remedy available to him, and because we decline to fashion the additional remedy that Appellant is urging, we reject Appellant's claim that his execution after the lengthy proceedings in this case would implicate the Eighth Amendment.[5]

■ In any event, we agree with the district court that this claim should be dismissed under the abuse of the writ doctrine. Appellant argues that cause existed for his failure to raise this claim in his first habeas petition, because neither the legal nor factual predicates for the claim existed. We disagree. Although the denial of certiorari in *Lackey* gave prominence to Appellant's legal theory, the theory and its legal underpinnings are not new. *See McKenzie,* 57 F.3d at 1464; *Fearance v. Scott,* 56 F.3d 633, 635–37 (5th Cir.1995), *cert. denied,* —— U.S. ——, 115 S.Ct. 2603, 132 L.Ed.2d 847 (1995). Moreover, the large majority of delays and stayed executions in this case occurred before the district court disposed of Appellant's first habeas petition on May 5, 1993. Because Appellant failed to move to amend that petition to add his Eighth Amendment argument when the factual basis was well known to him, Appellant has not shown cause for waiting until now to assert this claim. *See Andrews,* 943 F.2d at 1183–84; *McKenzie,* 57 F.3d at 1464 n. 6. Appellant has also not shown that a fundamental miscarriage of justice would result by dismissing this claim

---

**4.** We recognize that there was no definitive statement identifying the prints as belonging to Richard Lorenz, making it conceivable that Appellant could have argued at trial that the prints belonged to an unidentified third person. However, even that argument, which would have been based on pure speculation, would not have been evidence that Appellant was *not* involved in the crime, and therefore would not have been evidence of Appellant's innocence. The possibility that Appellant could have grounded speculative arguments on the withheld fingerprint evidence

at trial is insufficient to rise to the level of materiality needed to establish a *Brady* claim.

**5.** Appellant also argues that delays should be attributed to the State for the time used to address: (1) his direct appeal; (2) the Supreme Court's interim decision in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and (3) the prosecution's handling of evidence regarding witness hypnosis. Again, because Appellant chose to avail himself of stays to pursue these avenues of review, they may not be used to support an Eighth Amendment claim.

under the abuse of the writ doctrine, because he has not demonstrated that this alleged constitutional violation "probably has caused the conviction of one innocent of the crime." *McCleskey*, 499 U.S. at 494, 111 S.Ct. at 1470. Accordingly, Appellant cannot avail himself of any exception to the abuse of the writ doctrine.[6]

In accordance with the foregoing, we AF-FIRM the district court's grant of Appellee's motion to dismiss Appellant's petition for a writ of habeas corpus on both the *Brady* claim and the Eighth Amendment claim. We also AFFIRM the district court's denial of Appellant's request for a hearing and motion for stay of execution. We DISMISS as moot Appellant's motion for abeyance pending exhaustion of state remedies. The mandate shall issue forthwith.

---

**6.** The Oklahoma Court of Criminal Appeals denied relief on both the *Brady* and Eighth Amendment claims as procedurally barred. For the reasons stated above, we find no cause and prejudice sufficient to disregard the State's procedural bar. Accordingly, state procedural bar represents an additional independent ground for denying Appellant relief on this appeal.