Revised March 29, 1999

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-50500

_____

Ana Maria Falcon,

Plaintiff-Appellee,

VERSUS

Transportes Aeros de Coahuila, S.A.
a/k/a TACSA, also known as TASKA, ET. AL.,

Defendants,

Transportes Aeros de Coahuila, S.A.
a/k/a TACSA, also known as TASKA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____
March 24, 1999

Before DAVIS, STEWART, and PARKER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

This appeal presents us with a novel question: Whether this Court has jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine to review a district court's order finding personal jurisdiction to exist, where that order was issued simultaneously with another order remanding the case to state court for lack of subject matter jurisdiction. For reasons set forth below, we find appellate jurisdiction to be lacking and dismiss the appeal.

I.

On October 31, 1995, a Cessna Caravan 208-B, designated TACSA Flight 108, crashed in Mexico ten miles shy of its final destination in Piedras Negras, Mexico, a city approximately one mile from the Texas border. The plane was owned by defendant Nozaki and Co., Ltd. ("Nozaki"), a Japanese corporation, and was leased by defendant Western Aircraft, Inc. ("Western Aircraft"), an Idaho corporation. Defendant-appellant Transportes Aeros De Coahuila, S.A. ("TACSA"), a Mexican corporation operating in Mexico as a domestic commercial air carrier, was the operator and sublessee of the plane. Eleven people, including the pilot, were on board at the time of the crash. The pilot and all but two of the passengers were killed.

The present wrongful death action was brought in November 1996 against TACSA, Western Aircraft, Nozaki, and Nozaki America, Inc., an American subsidiary of Nozaki. The action was originally filed in state court, in the 365th Judicial District of Maverick County, Texas. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441, claiming federal jurisdiction under the federal common law of international relations and treaty interpretation. The plaintiffs filed a motion for remand, and the defendants filed a motion to dismiss for lack of personal jurisdiction and for *forum non conveniens*.

On December 10, 1997, the district court issued an order ("Dismissal Order") granting TACSA's motion to dismiss for lack of personal jurisdiction. The plaintiffs filed a motion for

2

reconsideration. On February 13, 1998, the district court issued a second order ("Personal Jurisdiction Order") vacating the Dismissal Order. The court found that personal jurisdiction existed based on new evidence that TACSA maintained a bank account in Texas, had correspondence concerning the bank account sent to a mailing address within the United States, regularly repaired its aircraft in Texas, and regularly bought supplies in Texas. The same day, the district court issued a third order ("Remand Order") remanding the case to state court for lack of subject matter jurisdiction. TACSA filed a motion for reconsideration of the Personal Jurisdiction Order, which the district court denied. This appeal followed.[1]

## II.

TACSA contends that the Personal Jurisdiction Order is collateral to the Remand Order and is effectively unreviewable because of the Remand Order. Therefore, TACSA argues, this Court should assert jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine.

The collateral order doctrine was recognized by the Supreme Court in <u>Cohen v. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541, 546, 69 S. Ct. 1221, 1225-26 (1949), where the Court identified a "small class" of interlocutory decisions that are immediately appealable under 28 U.S.C. § 1291. To fall within the collateral

---

[1]TACSA appeals only the Personal Jurisdiction Order, as the Remand Order falls clearly outside of this Court's appellate jurisdiction. <u>See</u> <u>Angelides v. Baylor College of Medicine</u>, 117 F.3d 833, 835-36 (5th Cir. 1997) (holding that a remand order, even if erroneous, is not appealable).

order doctrine, however, an order must (among other requirements) be "separable" from the merits of the underlying action. Id. at 546, 69 S. Ct. at 1225 (a decision is final and appealable for purposes of § 1291 if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."). See also Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S. Ct. 2454, 2458 (1978) (noting that an order must "resolve an important issue completely separate from the merits of the action" to fall within the collateral order doctrine).

In Angelides v. Baylor College of Medicine, 117 F.3d 833 (5th Cir. 1997), this Court explained what conditions must be satisfied for an order to be considered "separable" in the remand context:

> An order is "separable" from an order of remand and eligible for appellate review if two conditions are satisfied. First, it must precede the order of remand "in logic and in fact," so as to be made while the district court had control of the case. City of Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 143, 55 S. Ct. 6, 7 (1934). Second, the order sought to be separated must be "conclusive." Id.; Linton v. Airbus Industrie, 30 F.3d 592, 597 (5th Cir. 1994). An order is "conclusive" if it will have the "preclusive effect of being functionally unreviewable in the state court." Linton, 30 F.3d at 597.

117 F.3d at 837. The principal question here is whether the Personal Jurisdiction Order was conclusive, and therefore separable, within the meaning of Angelides.

This Court has not previously addressed the question of whether an order finding personal jurisdiction to exist, issued

4

simultaneously with an order remanding for lack of subject matter jurisdiction, is conclusive. That is an issue of first impression. Related Fifth Circuit precedent, however, convincingly shows that the Personal Jurisdiction Order is not conclusive. In <u>Angelides</u>, the Court conducted a "careful reading" of precedent and ascertained that the key determinant of conclusiveness is whether the order in question is substantive or jurisdictional. <u>Id.</u> The Court noted that every case in which this Court has granted collateral appellate review following a remand order by the district court has involved some denial of a substantive right. <u>Id.</u> ("In those cases . . . the separable portion of the order denied a substantive right not subject to review by the state court."). In contrast, the Court observed that every case in which this Court has denied collateral appellate review following a remand order by the district court has involved a jurisdictional question that "could be reconsidered by the state court." <u>Id.</u> Thus, the Court concluded that the immunity and exhaustion orders before it were not "conclusive," and therefore were not subject to collateral order review, because "as jurisdictional decisions, they may be reviewed in the state court." <u>Id.</u>

The Personal Jurisdiction Order in this case presents an even more obvious example of a non-conclusive jurisdictional order than the immunity and exhaustion orders at issue in <u>Angelides</u>. In finding that there were sufficient contacts for personal jurisdiction to exist, the district court denied no substantive right of TACSA. Rather, it made a simple jurisdictional

determination. As discussed below, the district court's determination has no preclusive effect on the state court. Because the order is reviewable by the state court, it is not conclusive and therefore may not be reviewed by this Court under the collateral order doctrine.

TACSA argues that the Personal Jurisdiction Order is conclusive because it may have a preclusive effect on the state court. This argument is based on one sentence from a footnote in this Court's recent en banc decision in <u>Marathon Oil Company v. Ruhrgas</u>, 145 F.3d 211 (5th Cir. 1998) (en banc), in which the Court stated: "It has long been the rule that principles of res judicata apply to jurisdictional determinations--both subject matter and personal." 145 F.3d at 218 n. 9. That one-sentence dictum, however, is insufficient to bring the Personal Jurisdiction Order within the collateral order doctrine. Although the district court in <u>Marathon Oil Company</u> was faced with a situation similar to the present case, the outcome was notably different. In <u>Marathon Oil Company</u>, an oil company and its affiliates sued a German gas supplier in state court. The gas supplier removed the action and moved to dismiss for lack of personal jurisdiction. The oil company and its affiliates sought remand based on lack of subject matter jurisdiction. In contrast to the present case, in <u>Marathon Oil Company</u> the district court chose not to decide the motion to remand, and instead dismissed for lack of personal jurisdiction. The court never made any determination regarding subject matter jurisdiction, and did not remand the case to state court. Here, the court made

6

determinations both as to personal jurisdiction and as to subject matter jurisdiction. It found sufficient contacts for personal jurisdiction, and remanded for lack of subject matter jurisdiction. This distinction is critical.

Three requirements must be met for the federal doctrine of collateral estoppel to apply: 1) the prior federal decision must have resulted in a "judgment on the merits"; 2) the same fact issues sought to be concluded must have been "actually litigated" in the federal court; and 3) the disposition of those issues must have been "necessary to the outcome" of the prior federal litigation. <u>Parklane Hosiery Co. V. Shore</u>, 439 U.S. 322, 326 n. 5, 99 S. Ct. 645, 649 n. 5 (1979). In <u>Marathon Oil Company</u>, all three requirements were met. Here, none have been met. A finding of sufficient contacts for personal jurisdiction, unlike a finding of insufficient contacts, falls short of a "judgment on the merits." When a district court dismisses for lack of personal jurisdiction, the action ends; but when a district court *declines* to dismiss for lack of personal jurisdiction, the action continues to the next stage. Moreover, given the district court's simultaneous order remanding for lack of subject matter jurisdiction, the personal jurisdiction issue plainly was not "actually litigated" or "necessary to the outcome" of the litigation. As the Court of Appeals of Texas, First District noted in <u>Shell Pipeline Corporation v. Coastal States Trading, Inc.</u>, 788 S.W.2d 837, 843 (Tex. Ct. App. 1990), "[w]hen the federal court determined it did not have subject matter jurisdiction . . ., any finding beyond

7

those necessary to make that decision are not 'actually litigated' or 'necessary to the outcome,' and therefore, do not have collateral estoppel or res judicata consequences. <u>See</u> <u>Jack Faucett Assoc., Inc. V. American Tel. & Tel. Co.</u>, 744 F.2d 118, 125 (D.C. Cir. 1984)."

This analysis shows that the Personal Jurisdiction Order has no preclusive effect. Hence, it is not conclusive and falls outside of the collateral order doctrine's requirement of separability. The appeal is therefore DISMISSED.