**Joseph Stanley FAULDER, Plaintiff,**

v.

**Gary L. JOHNSON, Texas Dept. of Criminal Justice, Institutional Division, and Governor George Bush, Jr., Defendant.**

**No. Civ.A. H–99–1809.**

United States District Court, S.D. Texas, Houston Division.

June 15, 1999.

Austin, TX, for Gary Johnson, Director, TDCJ, defendant.

Jeffrey W Jacobs, Sullivan & Cromwell, Washington, DC, for Government of Canada, movant.

## ORDER

GILMORE, District Judge.

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO") and Stay of Execution (Instrument No. 3). Plaintiff Joseph Faulder ("Faulder") is scheduled to be executed on June 17, 1999. Faulder, a Canadian citizen, brings this lawsuit pursuant to the Alien Tort Statute, 28 U.S.C. § 1350, and 42 U.S.C. § 1983[1], claiming violations of the law of nations. Faulder alleges that he has been subjected to psychological torture in violation of 42 U.S.C. § 1983 and the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("Torture Convention")[2] because of his nine execution dates and repeated stays of his execution during his twenty-two years on death row. In addition, Faulder contends that his right to consult with Canadian consular officials upon his arrest was violated by the state of Texas in violation of the Vienna Convention on Consular Relations ("Vienna Convention").[3]

First, the Defendants argue that the Anti–Injunction Act prohibits this Court from granting a TRO and staying the execution. The Anti–Injunction Act states that

[a] court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Sandra Babcock, Attorney at Law, Minneapolis, MN, for Joseph Stanley Faulder, plaintiff.

Douglas Alan Danzeiser, Office of the Attorney General, Austin, TX, Gena Blount Bunn, Texas Attorney General,

1. Faulder filed an amended complaint (Instrument No. 8), which dismissed Governor Bush as a party, added several other parties, and added a claim for cruel, inhuman, and degrading treatment in violation of 42 U.S.C. § 1983.

2. S. Treaty Doc. No. 100–20 (1988), U.N.T.S. 85.

3. April 24, 1963, TIAS 6820, 21 U.S.T. 77, 596 U.N.T.S. 261.

28 U.S.C. § 2283. Congress has enacted a statute that expressly authorizes the district court to stay state court criminal proceedings. 28 U.S.C. § 2251. However, a federal court may issue a stay under § 2251 only if a habeas corpus proceeding is pending. *See Gilliam v. Foster*, 61 F.3d 1070, 1083 n. 11 (4th Cir.1995). Faulder has already sought and been denied both state and federal habeas relief. As there is no habeas petition pending, this Court is prohibited from issuing a stay by the Anti–Injunction Act pursuant to § 2251.

■ In this case, Faulder seeks a stay of execution pursuant to 28 U.S.C. § 1350 and 42 U.S.C. § 1983. Faulder alleges that this Court may enjoin the order of execution despite the Anti–Injunction Act because a court may enjoin state actions under § 1350 and § 1983. Section § 1983 allows plaintiffs to challenge the deprivation of constitutional rights through a *civil* action for damages. 42 U.S.C. § 1983. Likewise, the Alien Tort Statute allows aliens to challenge violations of international law through a *civil* action for damages. In *Moody v. Rodriguez*, after unsuccessful state and federal habeas challenges, the plaintiff filed a § 1983 suit in an attempt to delay his execution. *Moody v. Rodriguez*, 164 F.3d 893 (5th Cir.1999). The Fifth Circuit held that federal courts lack jurisdiction to stay executions under 42 U.S.C. § 1983. Faulder's suit pursuant to 28 U.S.C. § 1350 is simply another effort to delay his execution.

Finally, Faulder argues that this case presents an expressly authorized exception to the Anti–Injunction Act. *See Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705 (1972). In *Mitchum*, the Supreme Court found that where Congress has created a specific and uniquely federal right that could be frustrated if the federal court was not empowered to enjoin a state court proceeding, an exception to the Anti–Injunction Act may exist. For the reasons stated below, the Court does not believe that the objectives of Congress would be frustrated by a failure to enter a stay of execution under the facts of this case, where the Court is required to examine Faulder's claims of cruel, inhuman and degrading treatment through the lens of the Eighth Amendment. Accordingly, the Court finds that it is prohibited from entering a stay by the Anti–Injunction Act.

Leaving aside the defenses raised of the statute of limitations and Eleventh Amendment immunity, the Court will proceed, nevertheless, to address the merits of Faulder's motion for a TRO for the record. Before a court may issue a TRO, the court must review four factors in determining whether such extraordinary relief should be granted:

(1) a substantial likelihood that the plaintiff will prevail on the merits;

(2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted;

(3) a showing that the threatened injury to the plaintiff outweighs the potential harm to defendants if the injunction issues; and

(4) a showing that issuance of the injunction will not disserve the public interest.

*Griffin v. Box*, 956 F.2d 89, 92 (5th Cir. 1992).

It is clear to the Court that Faulder will suffer irreparable injury if the injunction is not issued before June 17, 1999, the scheduled date of execution, and that this injury clearly outweighs any potential harm to Defendants. Although the state presents reasonable arguments to the contrary, the Court does not believe that the issuance of a TRO would disserve the public interest.

■ Even conceding the last factors, the Court finds that Faulder cannot show a substantial likelihood that he would prevail on the merits of his claim. First, Faulder argues that his twenty-two year wait on death row, his nine rescheduled execution dates, and repeated stays constitute psychological torture in violation of

various international treaties, including the Torture Convention, and 42 U.S.C. § 1983. In *White v. Johnson,* a defendant convicted of capital murder filed a habeas petition to stay his execution, claiming in part that his 17–year wait on death row was cruel and unusual punishment in violation of the Eighth Amendment and international law. 79 F.3d 432 (5th Cir.1996). The Fifth Circuit vacated the district court's stay of execution, finding that execution after a 17–year wait would not constitute cruel and unusual punishment even on the merits. *Id.* at 439. The Fifth Circuit stated: "[t]he state's interest in deterrence and swift punishment must compete with its interest in insuring that those who are executed receive fair trials with constitutionally mandated safeguards .... states allow prisoners such as White to challenge their convictions for years." *Id.* Like White, Faulder began his challenge of his conviction and sentence with a petition for state habeas corpus relief. After exhausting state remedies, he filed a habeas petition with the Eastern District of Texas, which denied his petition. The Fifth Circuit affirmed the conviction. On June 7, 1999, Faulder filed a motion for stay of execution with the Fifth Circuit, challenging the constitutionality of the Texas clemency process. On June 10, 1999, the Fifth Circuit denied the stay of execution. On June 11, 1999, Faulder filed this civil action and motion for an injunction to stay the execution. In other words, Faulder has pursued every avenue he possibly can to avoid execution. Faulder accordingly

> has benefitted from this careful and meticulous process and cannot now complain that the expensive and laborious process of habeas corpus appeals which exists to protect him has violated other of his rights. Throughout this process [Faulder] has had the choice of seeking further review of his conviction and sentence or avoiding further delay of his execution by not petitioning for further review or by moving for expedited consideration of his habeas petition.

*Id.* Faulder cannot now argue that his repeatedly rescheduled executions, while no doubt a gruesome and disturbing ordeal, constituted deliberately inflicted torture when the stays were the result of his numerous appeals. Moreover, to this Court's knowledge no other circuit has yet found "that inordinate delay in carrying out an execution violates the condemned prisoner's eighth amendment rights." *Id. See Stafford v. Ward,* 59 F.3d 1025, 1028 (10th Cir.), *cert. denied,* 515 U.S. 1173, 115 S.Ct. 2640, 132 L.Ed.2d 896 (1995) ("We conclude that Appellant has failed to show that executing him after fifteen years on death row, during which time he faced at least seven execution dates, would constitute cruel and unusual punishment"). Accordingly, it is unlikely that Faulder could successfully show that the delay and reschedulings resulted in cruel and unusual punishment. *See* 79 F.3d at 439.

Moreover, the Fifth Circuit in *White* found that such a claim would fail under the Torture Convention. White argued that the Torture Convention and the International Covenant on Civil and Political Rights ("ICCPR") prevented his execution as a violation of human rights. 79 F.3d at 440 n. 2. Both treaties prohibit "torture or cruel, inhuman, or degrading punishment." However, as the Fifth Circuit pointed out, the United States signed reservations to both treaties stating that the United States understands this language to mean cruel and unusual punishment as defined by the Eighth Amendment, which does not include the death penalty. *Id.* Therefore, if the Court considered this claim on the merits, it would have to do so under the Senate's reservation reading torture as cruel and unusual punishment, and so the argument would fail.

Second, Faulder alleges that the state of Texas failed to notify him of his right to consult with Canadian consular officials immediately upon his arrest, in violation of Article 36(1) of the Vienna Convention. Faulder raised this issue in his federal habeas petition. The State of Texas has

admitted that the Vienna Convention was violated. *Faulder v. Johnson,* 81 F.3d 515, 520 (5th Cir.1996). Despite the fact that the Defendants argue that Faulder has no right to pursue an individual claim under this statute, the Ninth Circuit has found that individual foreign nationals have rights under Article 36(1)(b) of the Vienna Convention, *United States v. Lombera–Camorlinga,* 170 F.3d 1241, 1243 (9th Cir. 1999), and the Fifth Circuit has specifically looked at this issue in the context of an individually asserted claim. *See Faulder v. Johnson,* 81 F.3d 515, 520 (5th Cir.1996).

█ This Court finds that it is barred from reconsidering this issue by collateral estoppel. First, a prior federal decision by the Fifth Circuit resulted in a judgment on the merits regarding this claim; that is, that Faulder's conviction should be affirmed and the stay of execution vacated. *Falcon v. Transportes Aeros de Coahuila,* 169 F.3d 309, 312 (5th Cir.1999). Second, the same fact issues were actually litigated in federal court. The Eastern District of Texas and the Fifth Circuit both found that although Texas had violated the Vienna Convention, "the evidence that would have been obtained by the Canadian authorities is merely the same as or cumulative of evidence defense counsel had or could have obtained," and therefore, there was no prejudice from the failure to notify. 81 F.3d at 520. Finally, the disposition of this issue was "necessary to the outcome" of the prior federal litigation. In order to obtain relief from a violation of the Vienna Convention's notice provision, the plaintiff must produce evidence to show prejudice from the violation of the Vienna Convention. *See United States v. Lombera–Camorlinga,* 170 F.3d 1241, 1243 (9th Cir. 1999). The Fifth Circuit found that Faulder was not prejudiced by Texas's failure to inform him of his right to contact a consular official. Accordingly Faulder is precluded by law from relitigating this issue and could not show a substantial likelihood of success on the merits.

Accordingly, Plaintiff's motion for a temporary restraining order and stay of execution is **DENIED.**

The Clerk shall enter this Order and provide a copy to all parties.