# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

### No. 98-20660
### Summary Calendar

_____


**EUGENE WINOGRAD, M.D., JUDWIN PROPERTIES, INC.,
EDGEBROOK APARTMENTS, CAMINO SOUTH APARTMENTS,
and EDGEBROOK APARTMENTS, LTD.,**

**Plaintiffs-Appellees,**


**VERSUS**

**EILEEN FOWLER,**

**Defendant-Appellant.**


Appeal from the United States District Court
for the Southern District of Texas
(H-90-CV-3682)

_____

June 14, 1999

Before REYNALDO G. GARZA, WIENER and JOLLY, Circuit Judges.

PER CURIAM:[1]


### I.  Factual and Procedural Background

In June of 1990, Judwin Properties, Inc. and the other plaintiffs-appellees herein

(collectively, "Judwin") were defendants in two state court actions, *Alfonso Perez, et al. v. Kings*

*Park Apartments, et al.*, No. 87-28345 (157th Dist. Ct., Harris County Tex.), and *Ismael F.*

*Flores, Jr. et al. v. Kings Park Apartments, et al*., No 87-28345-B (157th Dist. Ct., Harris

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

County, Tex.).  The plaintiffs in these cases were minors.  In both cases, the state trial court appointed Eileen Fowler ("Fowler") as attorney ad litem, guardian ad litem, and special master. Prior to trial, the parties and lawyers entered into a settlement agreement.

On November 24, 1990 the state court awarded Fowler $350,000 as ad litem fees for her representation of the plaintiffs against Judwin.  Judwin contends that Fowler received this extraordinary ad litem fee as the result of numerous *ex parte* contracts with the trial judge.

On December 4, 1990, Judwin commenced an action in the United States District Court for the Southern District of Texas claiming that Fowler's actions violated the settlement agreement and its right to due process, asserting causes of action under 42 U.S.C. § § 1983 and 1985.

On March 28, 1991, the federal district court granted Judwin's motion for a temporary restraining order, enjoining Fowler from executing on the state court judgment.

On May 22, 1991, the federal district court approved an Agreed Judgment in which the parties resolved their dispute.  The Agreed Judgment provided for certain cash payments to Fowler, and enjoined Fowler from executing on the state court's award of ad litem fees.  It also called for a possible award of additional sums to Fowler through arbitration.

On January 6, 1992, the federal district court appointed an arbitrator at the parties' request.  However, before the arbitrator rendered a decision, the parties reached a settlement agreement.[2]  An appeal was never filed.

In November of 1997, Fowler sought again to enforce the state court's ad litem fee award. In response, Judwin filed a motion to reopen the federal district court case to enforce the Agreed Judgment and impose sanctions on Fowler for violating that order.  Fowler responded with a Rule 60(b)(4) motion to vacate and argued that the Agreed Judgment was void because the federal

---

[2]Fowler received a total of $90,000 ($35,000 pursuant to the Agreed Judgment and $55,000 under the arbitration settlement).

2

district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine.[3]

On June 19, 1998, the federal district court denied Fowler's Rule 60(b)(4) motion under principles of *res judicata*. This appeal followed.

## *II. Standard of Review*

It is firmly established that this Court reviews a district court's denial of a Rule 60(b) motion under an abuse of discretion standard. *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 599 (5th Cir. 1996). A conclusion of law regarding subject matter jurisdiction is reviewed *de novo*. *United States v. Texas Tech University*, 171 F.3d 279, 288 (5th Cir. 1999).

## *III. Discussion*

Fowler contends that the district court erroneously applied the doctrine of *res judicata* in denying her the right to collaterally attack the subject matter jurisdiction of the district court and by not vacating the judgment pursuant to the *Rooker-Feldman* doctrine. This Court, however, finds that Fowler's contentions are untenable. In addition, we find that the district court was correct in its factual findings and conclusions of law. Therefore, we AFFIRM the district court's decision.

It is firmly established that principles of *res judicata* apply to jurisdictional determinations, both subject matter and personal. *Falcon v. Transportes Aeros de Coahuila, S.A.*, 169 F.3d 309, 312 (5th Cir. 1999). *Res Judicata* bars collateral attacks upon a judgment where the challenging party had the opportunity to raise the issue of jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9 (1982); *see Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992). *Res Judicata* bars Rule 60(b)(4) motions where "the challenging party was before the court when the order in

---

[3] *"The Rooker-Feldman* doctrine holds that federal district courts lack jurisdiction to entertain attacks on state judgments." *United States v. Sheperd*, 23 F.3d 923, 924 (5th Cir 1994).

question was entered and had notice of it and had a full and fair, unimpeded opportunity to challenge it, and the court's jurisdiction, by appeal." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990). Thus, "[t]he question is not whether the issue of subject matter was actually litigated, but instead whether the parties had the opportunity to raise the question." *Royal Ins. Co. of America*, 960 F.2d at 1293 (citing *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1053 (5th Cir.1987)). Accordingly, "[i]f the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack." *Royal Ins. Co. of America*, 960 F.2d at 1293. Nevertheless, Rule 60(b)(4) relief may be appropriate to challenge a district court's determination of jurisdiction where there is a "clear usurpation of power" or "total want of jurisdiction." *Picco*, 900 F.2d at 850 n. 6.

The district court in concluding that the doctrine of *res judicata* barred Fowler's collateral attack on the court's subject matter jurisdiction stated:

> When this case was originally filed in 1990, the factual basis for Fowler's *Rooker-Feldman* argument was apparent on the face of the pleadings, and she in fact asserted that the plaintiff's failed to state a claim within the jurisdiction of this Court in her original answer. Nevertheless, she never moved to dismiss for lack of jurisdiction, agreed to the entry of the Agreed Judgment, and never filed an appeal. The judgment therefore took on the preclusive effect of *res judicata*, and Fowler is barred from attacking it in a Rule 60(b)(4) proceeding.

The district court was correct in noting that Fowler never moved for dismissal of the case based upon a lack of subject matter jurisdiction, she freely entered into the Agreed Judgment and neglected to file an appeal. Clearly, Fowler had notice of the judgment, had a full and fair unimpeded opportunity to challenge it based upon subject matter jurisdiction and had the ability to appeal. Moreover, we hold that the case presented before is not one that demonstrates a "clear usurpation of power" or "total want of jurisdiction.[4]" Therefore, we find that the district court

---

[4]We note that the district court could have properly exercised jurisdiction based upon Judwin's 42 U.S.C. § 1983 claim. A valid section 1983 claim arises when it is alleged that an official act of a judicial official was the product of an unlawful agreement or conspiracy. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Clearly, all persons acting in concert with the judicial official are acting

4

was correct in concluding that the principle of *res judicata* bars Fowler from collaterally attacking the judgment. Accordingly, we hold that the district court did not abuse its discretion by denying Fowler's Rule 60(b)(4) motion, or by deciding not to consider Fowler's *Rooker-Feldman* argument.

## *IV. Conclusion*

For the aforementioned reasons the district court's decision is hereby AFFIRMED.

---

under color of state law for purpose of section 1983.