# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-20724
(Summary Calendar)

CNB ENERGY SERVICES INC.,

Plaintiff-Appellant,

versus

INFINITE ENERGY INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-99-CV-492)

March 23, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges

PER CURIAM:[*]

Appellant CNB Energy Services Inc. ("CNB") appeals the final judgment of the district court which granted Infinite Energy Inc.'s ("Infinite") motion to dismiss. For the following reasons we reverse, and remand to the district court.

FACTUAL AND PROCEDURAL BACKGROUND

This dispute began in May 1997 when CNB purchased Infinite's 49% interest in a joint venture called CNB/Olympic Gas Services ("Joint Venture"). The purchase agreement entered into between the parties provided that the purchase price for Infinite's 49% interest could be

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjusted subject to a post-closing audit of the Joint Venture's finances in March and April 1997. A dispute arose regarding the amounts due under the post-closing adjustment provision.

In February 1998, CNB filed suit against Infinite in Texas state court. CNB alleged that Infinite had committed breach of contract, and CNB sought a declaratory judgment establishing the parties rights and responsibilities under the purchase agreement. Infinite removed the action to federal court based on diversity, and the case was assigned to Judge Kenneth Hoyt. Upon removal, Infinite filed a motion to dismiss and also filed a counterclaim against CNB for approximately $28,000. On July 10, 1998 the district court entered an order styled "Order Remanding Case Sua Sponte" ("July 1998 Order"). In this July 1998 order the district court stated that before the court were both Infinite's motion to dismiss or to compel arbitration, and Infinite's counterclaim. After a brief discussion of the procedural background of the case the district court stated that "after a review of the motion and response, that [the court] lacks jurisdiction of the dispute...Moreover, CNB has no cause of action because it has forfeited its claim due to its failure to timely object. Thus, the remaining portion of this dispute falls well below this Court's jurisdiction."

In January 1999, CNB filed the present action against Infinite in Texas state court. In its original petition CNB alleged breach of contract, fraud, and tortious interference. Infinite removed the action to federal court, and the case was ultimately transferred to Judge Hoyt. In April 1999, in response to Infinite's motion to dismiss the district court entered an order in which it retained jurisdiction, stayed the case, and ordered the parties into arbitration pursuant to the purchase agreement ("April 1999 order"). Both parties filed motions for clarification of this order. In June 1999, the district court issued an order which vacated its April 1999 order finding that its July 1998 order had disposed of CNB's claims on the merits, and had remanded Infinite's counterclaims to Texas state court. The district court found that CNB's claims were thus barred by its July 1998 order. Based on this determination the district court granted Infinite's motion to

dismiss. The district court subsequently entered a final judgment in favor of Infinite, and CNB perfected its appeal.

DISCUSSION

CNB argues that the district court erred in finding that the present action is barred by the district court's July 1998 order. Specifically, CNB contends that the July 1998 order cannot have preclusive effect because it was a remand order which is not appealable. CNB further argues that there was never a separate final judgment entered by the district court to dismiss its claims in the first suit, therefore the July 1998 order cannot be said to be a final judgment with preclusive effect. We review the district court's ruling on a motion to dismiss de novo. See Lowrey v. Texas A & M University System, 117 F.3d 242, 246 (5th Cir.1997).

Three requirements must be met for the federal doctrine of collateral estoppel to apply: 1) the prior federal decision must have resulted in a "judgment on the merits"; 2) the same fact issues sought to be concluded must have been "actually litigated" in the federal court; and 3) the disposition of those issues must have been "necessary to the outcome" of the prior federal litigation. Falcon v. Transportes Aeros De Coahuila, 169 F.3d 309, 312 (5th Cir. 1999) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979)). In the present case the major contention is whether the district court's July 1998 order was a "judgment on the merits," that has preclusive effect. Careful examination of the July 1998 order reveals that the district court's first finding was that the court lacked subject matter jurisdiction. The district court stated that "after a review of the motion and response [the court] *lacks jurisdiction of the dispute*." (emphasis added). The district court then went on to say that CNB's claims for $146, 000 were not contemplated by the terms of the agreement, and that CNB "has no cause of action." However, these statements regarding the merits of CNB's claims followed the court's initial statement that it lacked jurisdiction over the dispute. This court has previously found that when a court determines that it does not have subject matter jurisdiction any

3

finding beyond those necessary to make that decision are not "actually litigated" or "necessary to the outcome," and therefore, do not have collateral estoppel or res judicata consequences. Id. at 313 (citations omitted).

Although it is not stated in the July 1998 order it appears that the district court was remanding the case pursuant to 28 U.S.C. § 1447(c) which provides that: "[i]f at any time before final judgment it appears that the district court lacked subject matter jurisdiction, the case shall be remanded." This court has previously held that cases remanded pursuant to § 1447 are not reviewable on appeal, and thus any substantive rulings made by the district court in its remand order do not have a preclusive effect. See Smith v. Texas Children's Hospital, 172 F.3d 923, 925-926 (5th Cir. 1999) ("Smith II"). Therefore, in the present case the district court's substantive conclusions that CNB had no cause action, which were made after the district court concluded that it was without jurisdiction should not be given preclusive effect.

Infinite argues that the district court's July 10, 1998 order should be read as a dismissal of CNB's claims and a remand to state court of Infinite's counterclaims. The district court agreed with this interpretation of its earlier order. The language of the July 1998 order does not directly conflict with this interpretation. The final sentence of the order states "the remaining portion of this dispute falls well below the court's jurisdiction." This phrasing suggests that the district court found that Infinite's cross-claims were beyond the court's jurisdiction. This conclusion, however, comes only after the order's earlier statement that the court lacks jurisdiction over "the dispute." The order does not state that the court only lacks jurisdiction over Infinite's counterclaims.[1] It was only after the district court disclaimed jurisdiction of the entire dispute that the court then discusses the merits of CNB's claims. Thus, as we have previously held in other cases, any

---

[1] Infinite argues that the July 1998 order is similar to the remand order examined by this court in Smith v. Texas Children's Hospital, 84 F.3d 152, 154 (5th Cir. 1996) ("Smith I"). However, the remand order in Smith I was markedly more specific than the order in the present case. The district court's order in Smith I clearly stated the "plaintiff's claims" for damages were being remanded because they survived the dismissal of the federal law claims. As we have noted, in the present case, the district court did not specify what claims were to be remanded.

4

substantive findings made after the court determined that it did not have subject matter jurisdiction do not have collateral estoppel consequences.[2]


CONCLUSION

For the reasons outlined above the district court erred in finding that the CNB's claims were barred based on its July 1998 ruling. We REVERSE the final judgment of the district court dismissing CNB's action, and REMAND for further proceedings consistent with this opinion.

---

[2] The appellant also argues that the district court erred in finding its claims are barred by collateral estoppel because in its first suit the district court did not issue a separate final judgment as required by F. R. CIV. P. 58. In the present case, the appellants did argue below that the July 10, 1998 order was not a final judgment with preclusive effect. However, the appellants did not make the specific argument that the July 10, 1998 order was not a final argument because of failure to comply with F.R. CIV. P. 58. Because this argument was not presented to the district court we will not address it on appeal. See e.g., Little v. Liquid Air Corp., 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (parties may not advance on appeal new theories not properly before the district court to obtain reversal).