Philip Ray WORKMAN

v.

Don SUNDQUIST, et al.

No. 3:01–0295.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 29, 2001.

Donald Edward Dawson, Nashville, TN, for plaintiff.

Joseph F. Whalen, III, Nashville, TN, for defendant.

## ORDER

CAMPBELL, District Judge.

Pending before the Court is a Motion For Temporary Restraining Order (Docket No. 3) and Memorandum In Support Of Motion For Temporary Restraining Order (Docket No. 4). For the reasons stated herein, the Motion is DENIED.

## I. CLAIMS

Plaintiff Philip Ray Workman has filed this action pursuant to 42 U.S.C. § 1983, as well as other authorities (Complaint, at ¶ 5 (Docket No. 1)).

Workman argues that the Court should grant his Motion for a Temporary Restraining Order (TRO) to stay his execution pending completion of an investigation by the Inter–American Commission on Human Rights ["IACHR"] as to whether Workman's conviction and sentence constitute a violation of human rights. According to the Plaintiff, the IACHR was established in 1960 as an autonomous entity of the Organization of American States ["OAS"]. The United States was a founding member of OAS in 1948.

Workman contends that permitting his execution without allowing him to exhaust

all of his remedies in the Inter–American system would violate his federal and state constitutional rights to due process; the open courts provision of the Tennessee Constitution, the Supremacy Clause of the United States Constitution, the OAS Charter, and customary international law.

## II. STANDARD FOR GRANTING A TEMPORARY RESTRAINING ORDER

■ In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction. *Michigan State AFL—CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir.1997).

## III. DISCUSSION

■ Plaintiff has not identified any international obligation of the United States that prohibits imposition of the death penalty. In *Roach v. Aiken*, 781 F.2d 379, 380–81 (4th Cir.1986), the Fourth Circuit rejected Plaintiff's request to stay an execution pending a ruling by the IACHR that execution of man who committed a criminal offense while under the age of 18 was prohibited by international law. The court found that consideration of this issue by the IACHR was an insufficient reason to stay the petitioner's execution. *Id.* The court noted that "we are not advised that the United States has any treaty obligation which would require the enforcement, in the domestic courts of this nation, state and federal, of any future decision of the Commission favorable to Roach." *Id.*

In *Jamison v. Collins*, 100 F.Supp.2d 647, 765–66 (S.D.Ohio 2000), the court, in responding to a similar argument, explained that it had found "no indication that the international obligations of the United States compel elimination of capital punishment." Specifically, with regard to the OAS Charter, the court explained that the Charter "makes no mention of capital punishment in its articles" and "lacks the power to prohibit the death penalty in the United States." *Id.* As the court noted:

When the United States ratified the OAS Charter, it did so:

with the reservation that none of its provisions shall be considered as enlarging the powers of the Federal Government of the United States or limiting the powers of the several states of the Federal Union with respect to any matters recognized in the Constitution as being within the reserved powers of the several states.

OAS Charter, 2 U.S.T. 2394 (1951).

*Id. See also United States v. Bin Laden*, 126 F.Supp.2d 290, 294–95 (S.D.N.Y.2001) (United States is not a party to any treaty that prohibits capital punishment, per se, and total abolishment of capital punishment has not yet risen to the level of customary international law); *Faulder v. Johnson*, 99 F.Supp.2d 774, 777 (S.D.Tex.), *aff'd* 178 F.3d 741 (5th Cir.1999) (In signing Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment and International Covenant on Civil and Political Rights, United States made reservation stating that it understood language to mean cruel and unusual punishment as defined by the Eighth Amendment, which does not prohibit the death penalty).

Based on this authority, the Court finds that Workman has not carried his burden for the issuance of a TRO. Specifically, Workman has not shown a strong or sub-

stantial likelihood of success on the merits that a decision by the IACHR will be enforceable in the courts of the United States under the Supremacy Clause or otherwise.[1] Accordingly, the Motion is DENIED.

IT IS SO ORDERED.

---

1. The Court finds that the remaining criteria for a TRO weigh in favor of Workman, due to the imminent execution.