**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-30373
Summary Calendar

JOHN MAHAFFEY,

Plaintiff,

VERSUS

FIRST COAST INTERMODAL SERVICE, INC., GENERAL SECURITY INSURANCE
COMPANY and ARTHUR WYNN,

Defendants - Third Party Plaintiffs - Appellees,

VERSUS

REDLAND INSURANCE COMPANY,

Third Party Defendant - Appellant

Appeal from the United States District Court
For the Middle District of Louisiana
00-CV-68-C

October 2, 2002

Before JOLLY, HIGGINBOTHAM, and PARKER, Circuit Judges.

1

PER CURIAM: [*]

Redland Insurance Company ("Redland") appeals the grant of partial summary judgment by the district court, which named Redland the primary insurer for damages resulting from a traffic accident. The appeal is premature and is hereby dismissed.

## I.  Background.

First Coast Intermodal Service ("First Coast") leased several trucks from Farr Auto Sales ("Farr"), which is not a party in this case.  As part of the lease agreement, Farr provided truck drivers. One of those drivers was Defendant Arthur Wynn.  Wynn was under contract with Farr and was not an employee of First Coast.  General Security Insurance Company ("General Security") provided insurance to First Coast for activities involving actual trucking and movement of containers and material in furtherance of First Coast's business.  Redland provided so-called "bobtail" insurance.  A bobtail is a truck without a trailer and the insurance was designed to cover those times when the truck was being used for non-business related transportation, i.e., not involving the movement of a trailer, container, or material, such as during use as a normal automobile for personal purposes.  The Redland policy excluded coverage for any time that the truck was being used for the business purposes of the leaser.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following a long-haul transport culminating on January 11, 1999, Wynn dropped off the container that he was hauling in New Orleans, Louisiana, on behalf of First Coast. He called the First Coast dispatcher, who advised him that there was no return load available for him that afternoon, but told Wynn to take the night off and call the dispatcher again in the morning.

Wynn bobtailed the truck to a truck stop in St. Bernard Parish, where he stayed until about 11:30 p.m. on January 11. He then bobtailed from the truck stop to a hotel. On the way, he was involved in an automobile accident with Plaintiff John Mahaffey. Mahaffey brought suit in the 19th Judicial District Court for the Parish of East Baton Rouge, alleging that Wynn caused the accident and that First Coast was vicariously liable for Wynn's actions. On January 20, 2000, First Coast, General Security, and Wynn removed the case to the United States District Court for the Middle District of Louisiana under diversity jurisdiction. The parties consented to proceed before a magistrate judge; at that time, Redland was not a party.

On March 27, 2001, the magistrate judge ruled on a motion for partial summary judgment by First Coast, holding that First Coast was not vicariously liable for Wynn because it did not exercise the right to control Wynn's actions. In the meantime, the three defendants/third-party plaintiffs impleaded Redland as a third-party defendant. The three then moved for partial summary judgment

3

on their assertion that Redland provided the primary insurance coverage for the accident under its bobtail policy. On February 1, 2002, the magistrate judge issued a report and recommendation to the district judge who was assigned the case, including the recommendation that the motion for partial summary judgment should be granted naming Redland as the primary insurer. On March 4, 2002, the district judge issued a ruling adopting that recommendation, granting the motion, and finding that as between General Security and Redland, Redland's policy provided primary coverage for the damages resulting from the accident.

On March 28, 2002, Redland filed a notice of appeal from the district court's ruling.

## II.  Appealability and Jurisdiction.

Redland asserts that the ruling of the district court is appealable and that we hold jurisdiction under 28 U.S.C. §§ 1291 and 1292.  Section 1291 provides for appeal only "from all final decisions of the district courts," except where direct review may be had in the United States Supreme Court. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545 (1946).  Section 1292 allows appeals from certain interlocutory orders, decrees, and judgments, *id.*, none of which apply here.

In a multi-party suit, a court's order is final only if it meets one of two conditions: (1) it must adjudicate all of the claims of all of the parties, or (2) the court must expressly

4

determine that there is no just reason for delay and direct an entry of judgment under FED. R. CIV. P. 54(b). *Young v. Equifax Credit Information Serv., Inc.*, 294 F.3d 631, 634 n.2 (5th Cir. 2002); *Riley v. Wooten*, 999 F.2d 802, 804 (5th Cir. 1993); *Jetco Elec. Indus., Inc. v. Gardiner*, 473 F.2d 1228, 1231 (5th Cir. 1973). In this case, the district court did not certify Redland's appeal under Rule 54(b). Additionally, the claims of all of the parties have not yet been adjudicated. Still at issue are the damages potentially owed to Mahaffey; liability, if any, for damages amounts exceeding the limits of Redland's policy; and counter-claims and cross-claims for contribution and for indemnification of the costs of defense and attorney's fees. Unlike the case of, for example, *Jetco*, Redland has no basis to claim that a final result has been reached. In *Jetco*, we found jurisdiction where the plaintiffs prematurely appealed the dismissal of one of three defendants. An agreed judgment disposing of the claims against the remaining two defendants was later entered, 473 F.2d at 1231, making a final resolution to the entire case. There is no such circumstance here. On that basis, Redland's appeal is premature and should be dismissed.

Redland argues, however, that its appeal should be immediately appealable under the collateral order doctrine. The collateral order doctrine was first addressed in *Cohen*, 337 U.S. at 545-47. In *Cohen*, the Court considered whether a district court's denial of

5

a litigant's motion to apply a state statute, which would have required the plaintiff to provide a deposit of security in a stockholder's derivative lawsuit, was immediately appealable although the ruling was not a final judgment disposing of the case. *Id*. at 543-45. The Court recognized that a small number of non-final judgments may be appealable.

> This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Id*. at 546. Determining the right to demand security from the plaintiff did not make any step toward final disposition of the merits of the case and would not be merged in the final judgment. Further, if not immediately reviewed, effective review might have been too late and the right conferred by the state statute, if found applicable, might have been lost. *Id*. In other words, an irreparable prejudice might have attached to the defendants without immediate review.

This case is distinguishable. Redland does not seek a separable right, which might be irretrievably lost. Indeed, Redland is not prejudiced at all because it can fully appeal the results of the district court's partial summary judgment order when a final judgment has been achieved. The district court's order was an integral step toward final disposition on the merits, not a separable side issue determination. Once the merits have been

6

adjudicated, the order will be merged into the final judgment.

Our cases on the collateral order doctrine do not help Redland either. We recently examined the doctrine in the context of remand in *Falcon v. Transportes Aeros de Coahuila, S.A.*, 169 F.3d 309 (5th Cir. 1999), and in *Angelides v. Baylor College of Medicine*, 117 F.3d 833 (5th Cir. 1997). Because the underlying dispute in those cases was reviewability of an issue in state court following remand from federal court, they are not strictly apposite to Redland's claim. They do, however, stand for the proposition that the collateral order doctrine applies when a district court's "conclusive" order essentially prevents effective review following remand and is therefore separable. *Falcon*, 169 F.3d at 311-12; *Angelides*, 117 F.3d at 837. Again, Redland's putative appeal is not precluded by the district court's decision; at most, it is delayed until final judgment has been entered.

In another context, we also permit immediate appeal of denial of qualified immunity under the collateral order doctrine. *See, e.g., Palmer v. Johnson*, 193 F.3d 346, 350-51. We do so, however, only if denial is based on a conclusion of law. *Id*. A claim of insufficient evidence to support such a conclusion is not appealable. *Id*. Here, Redland would cast the district court's decision as error as a matter of law. The real analysis, though, is fact-specific, as the magistrate judge pointed out in her report. The collateral order doctrine is therefore inapplicable

7

to Redland's claim.

## III.  Conclusion.

For the reasons stated herein, we find that Redland's appeal is premature and is not immediately appealable under the collateral order doctrine.  Therefore, we do not hold jurisdiction to review the merits of the case.  The appeal is hereby DISMISSED.