IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 96-20618

DR. KIMON ANGELIDES,

Plaintiff-Appellee

-vs-

BAYLOR COLLEGE OF MEDICINE, DR. WILLIAM T. BUTLER, DR. ROBERT
M. RICH, DR. SUSAN M. BERGET, DR. ARTHUR BROWN, MR. MARK LEWALLEN,
DR. BARBARA WIBLE, DR. GRETCHEN J. DARLINGTON, DR. MARY K. ESTES,
DR. HIRAM F. GILBERT, DR. PETER D. KLEIN, DR. JAMES
R. SMITH, DR.ADDISON A. TAYLOR, and SARAH P. VONROSENBERG,

Defendants-Appellants

Appeal from the United States District Court for
the Southern District of Texas

July 11, 1997

Before WIENER and PARKER, Circuit Judges, and LITTLE, District Judge.[*]

LITTLE, District Judge:

Defendants/Appellants ask this court to overturn or vacate by writ of mandamus the
district court's order of remand. They also appeal the district court's determinations in the
remand order that the appellants are not entitled to immunity and that the plaintiff is not
required to exhaust available administrative remedies before proceeding with this suit. We
dismiss the mandamus petition and appeal for lack of appellate jurisdiction.

I.     Factual and Procedural Background

Plaintiff/Appellee Kimon Angelides was a tenured faculty member and research
scientist at the Baylor College of Medicine. He worked in the fields of molecular physiology,

---

[*]     Chief District Judge of the Western District of Louisiana, sitting by designation.

biophysics, neuroscience, and biochemistry. Baylor terminated Angelides's employment in 1995 after it investigated charges against him of scientific misconduct and found that he had falsified and fabricated research results. The individual appellants participated in Baylor's investigation and termination of Angelides. Angelides filed this suit against appellants in Texas state court, charging breach of contract, libel, slander, false imprisonment, and other state law claims.

Appellants removed the action to federal court pursuant to 28 U.S.C. § 1441, asserting "conflict" and "core" preemption, and 28 U.S.C. § 1442(a)(1), asserting that appellants acted at the direction of federal officers. Angelides moved to remand. The district court perfunctorily denied the remand motion.

Appellants then moved to dismiss or for summary judgment on three grounds. First, appellants asserted that the suit should be dismissed because they were absolutely immune from prosecution as governmental employees exercising discretionary functions at the direction of the federal government. Second, appellants contended that they were entitled to qualified immunity from the purported constitutional tort claims in the suit. Third, appellants argued that the suit should be dismissed or stayed under the doctrine of primary jurisdiction in that Angelides had not exhausted available administrative remedies with the federal Office of Research Integrity.

In its Memorandum Opinion addressing the appellants' motion to dismiss or for summary judgment, the district court revisited its remand order. Finding that its prior order denying remand was improvidently entered, the court ordered the case remanded pursuant to 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction.[1] The district court held that "this Court lacks original jurisdiction over the claims because the case does not arise under federal law. Federal law does not create the cause of action and the relief sought by

---

[1] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

2

the plaintiff does not depend upon the resolution of a substantial question of federal law." District court opinion, p. 12 (citations omitted).

Subject matter jurisdiction, however, was not the only issue addressed in the district court's opinion. The court preceded it s remand determination by discussing and rejecting appellants' defenses of immunity and non-exhaustion of administrative remedies. The court's determinations as to immunity and exhaustion are the fuel for the appeal. Appellants contend not only that the district court's analysis of the immunity and exhaustion issues was incorrect, but that the errors require this court to overturn the remand order.

We begin and end our analysis with a consideration of appellate jurisdiction.

II.     Remand Review

Appellate courts are precluded from reviewing remand orders issued pursuant to § 1447(c), by appeal, mandamus, or otherwise.[2] 28 U.S.C. § 1447(d); Things Remembered, Inc. v. Petrarca, --- U.S. ---, 116 S. Ct. 494, 497, 133 L. Ed. 2d 461, 466 (1995); Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976). This is true even if the district court's order was erroneous. Thermtron, 423 U.S. at 343; Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1028 (5th Cir. 1991). The rationale for the rule is that allowing federal appeal of remand orders would delay justice in state courts. Thermtron, 423 U.S. at 351.

The Supreme Court in Thermtron identified one narrow exception to the strict bar to appellate review of remand orders. A remand order may be reviewed where the district court "has remanded [a case] on grounds not authorized by the removal statutes." Id. at 353 (reviewable by writ of mandamus). That exception does not apply here because the district court expressly remanded on an authorized ground, lack of subject matter jurisdiction

_____

[2]     "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). The sole statutory exception to the rule barring review of remand orders is thus for civil rights cases removed pursuant to  28 U.S.C. § 1443.

3

pursuant to § 1447(c). Things Remembered,  --- U.S. at ---, 116 S. Ct. at 497, 133 L. Ed. 2d at 466.

Against the strict backdrop of § 1447(d), appellants contend that the remand order in this case is reviewable because it was based on a post-removal event, the denial of immunity. Appellants stress that the district court originally denied remand, then granted remand after denying immunity. This court, however, has held on numerous occasions that a remand order based on § 1447(c) jurisdictional grounds is not reviewable even if based on a post-removal event.[3] Although none of the previous cases considered the denial of immunity as a purported "post-removal event," we find no reason to diverge here from the plain, broad dictates of § 1447(d).

Also unavailing is the argument that the remand order should be overturned because the district court did not properly consider in its written opinion whether appellants were acting at the direction of federal officers, thereby satisfying subject matter jurisdiction pursuant to § 1442(a)(1). District court invocation of § 1447(c) precludes review of a remand order no matter how clearly erroneous the order appears on its face. Thermtron, 423 U.S. at 343.

We purposefully decline to follow the Fourth Circuit's evisceration of § 1447(d) in Jamison v. Wiley, 14 F.3d 222, 238-40 (4th Cir. 1994), where the appellate court held that mandamus relief was appropriate when a district court's remand error was of a "sufficient magnitude." 14 F.3d at 239. To the contrary, we hold that this court is powerless to review erroneous remand orders founded on § 1447(c).

---

[3]  E.g., Linton v. Airbus Industrie, 30 F.3d 592, 599 (5th Cir. 1994) (review of remand denied despite post-removal event, a stipulation as to citizenship); Tillman, 929 F.2d at 1025 (review of remand denied despite post-removal event, the joinder of a state agency); Mitchell v. Carlson, 896 F.2d 128, 131 (5th Cir. 1990) (review of remand denied despite post-removal event, the substitution of a party, and despite appellate finding that the district court's remand decision was incorrect); In re Merrimack Mut. Fire Ins. Co., 587 F.2d 642, 647-49 (5th Cir. 1978) (review of demand denied despite post-removal event, the addition of parties).

The paramount issue is that the district court explicitly based its remand order on § 1447(c). Congress in enacting § 1447(d) made no exception to the bar on appellate remand review for cases requiring immunity or exhaustion determinations.

III.     Collateral Order Doctrine

Appellants contend that even if the remand order is not reviewable, this court has appellate jurisdiction under the collateral order doctrine to review the district court's denial of appellants' motion to dismiss on the grounds of immunity and non-exhaustion of administrative remedies.

This court has appellate jurisdiction over all "final decisions" of the district courts. 28 U.S.C. § 1291.  The collateral order doctrine provides that a narrow class of district court decisions that are not final judgments nevertheless may be immediately appealed pursuant to § 1291.  Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).  The collateral order doctrine embraces

> that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

Id.

We have already determined that appellate review of the remand order is impermissible. The second critical issue in this appeal is whether the district court's immunity and exhaustion decisions are "separable" and thus can be afforded independent appellate review.

An order is "separable" from an order of remand and eligible for appellate review if two conditions are satisfied.  First, it must precede the order of remand "in logic and in fact," so as to be made while the district court had control of the case.  City of Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 143 (1934).  Second, the order sought to be separated must be "conclusive."  Id.; Linton, 30 F.3d at 597.  An order is "conclusive" if it

5

will have the "preclusive effect of being functionally unreviewable in the state court." <u>Linton</u>, 30 F.3d at 597.

Here, the immunity and exhaustion orders preceded the remand order "in logic and in fact," but they were not "conclusive" because, as jurisdictional decisions, they may be reviewed in the state court. At issue is whether the district court's immunity and exhaustion determinations were jurisdictional or substantive. <u>See</u> <u>Soley v. First Nat. Bank of Commerce</u>, 923 F.2d 406, 409-1010 (5th Cir. 1991).

A careful reading of previous Fifth Circuit and Supreme Court opinions is required. Appellants rely on <u>City of Waco</u>, <u>Mitchell v. Carlson</u>, and <u>John G. & Marie Stella Kennedy Mem. Found. v. Mauro</u>, 21 F.3d 667 (5th Cir. 1994), three cases in which the court granted collateral appellate review after remand orders by the district court. In those cases, however, the separable portion of the order denied a substantive right not subject to review by the state court. The orders were thus "conclusive." In <u>City of Waco</u> the state court would not be able to reconsider the district court's dismissal of the cross-action. 293 U.S. at 143. In <u>Mitchell</u> the state court would not be able to reconsider a district court order resubstituting a defendant. 896 F.2d at 133. Finally, in <u>Mauro</u> the state court would not be able to revisit the district court's dismissal of the Foundation's federal claims. 21 F.3d at 670.

This case is closer to <u>Linton</u>, <u>Soley</u>, and <u>Mobil Corp. v. Abeille General Ins. Co.</u>, 984 F.2d 664, 666 (5th Cir. 1993).[4] In <u>Linton</u> and <u>Mobil Corp.</u> this court declined collateral review of district court determinations that defendants were not entitled to immunity under the Foreign Sovereign Immunities Act (the "FSIA"). This court's analysis in <u>Linton</u> is instructive:

---

[4] <u>See also</u> <u>Nutter v. Monongahela Power Co.</u>, 4 F.3d 319, 322 (4th Cir. 1993) (noting that jurisdictional findings incident to remand do not preclude relitigation in state court); <u>Baldridge v. Kentucky-Ohio Transp., Inc.</u>, 983 F.2d 1341, 1349-50 (6th Cir. 1993) (finding that where the district court's collateral findings were jurisdictional, the parties could raise the issue again in state court); <u>Whitman v. Raley's Inc.</u>, 886 F.2d 1177, 1181 (9th Cir. 1989) (finding that the federal court's ruling on preemption had no preclusive effect on the state court).

In light of the district court's ultimate conclusion that the entire case had to be remanded for lack of subject matter jurisdiction, the district court's determination that the FSIA is inapplicable to the Airbus Defendants can be deemed a jurisdictional finding under the facts of the case and, as such, can be reviewed by the state court upon remand.

Linton, 30 F.3d at 597. Similarly, in Soley this court denied collateral review of a district court denial of preemption, finding that the order was jurisdictional and could be reconsidered by the state court. 923 F.2d at 410.

In this case also, we consider the district court's determinations as to immunity and exhaustion in its remand order to be jurisdictional in nature. They can be revisited by the state court. As the district court's order was not "conclusive," the collateral order doctrine does not apply and this court lacks appellate jurisdiction.

IV.    Conclusion

By the clear mandate of § 1447(d), this court is powerless to review the remand ordered by the district court. The collateral order doctrine does not apply because the jurisdictional issues determined by the district court are not conclusive. This court therefore lacks jurisdiction to consider appellants' mandamus petition and appeal.

MANDAMUS PETITION AND APPEAL DISMISSED FOR LACK OF APPELLATE JURISDICTION.

7