**Revised May 21, 1999**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-10042

_____


ANDRE L. COPLING,

Plaintiff-Appellee,

VERSUS

THE CONTAINER STORE, INC.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Texas
_____

May 6, 1999

Before DAVIS, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


The Container Store appeals the remand of Andre Copling's breach of contract claim. Because Congress has denied us jurisdiction over appeals from such remands, we dismiss the appeal.


I.

Copling was an employee of The Container Store, Inc. ("the Store"), which had established a plan that provides employees and

their dependents with medical benefits, one of which is a "flexible benefit" that allows employees to deduct pretax dollars from their paycheck to cover eligible medical expenses. The deducted money is placed in a healthcare reimbursement account, from which the employee may draw funds for eligible expenses. In compliance with tax regulations, any unused funds in the account at the end of the plan year must be forfeited.

Copling informed the Store that he planned to have some orthodontic work performed. The Store alleges that he entered into a flexible benefit plan providing for the Store to deduct $1,500 from his salary to fund unreimbursed medical and dental expenses; Copling signed a form, entitled "The Container Store 1995 Flexible Benefit Enrollment Form," authorizing these deductions and providing that any contributions not used during the plan year are forfeited. Copling was paid $300 from the account for orthodontic expenses.

Copling argues that he was not informed that any unused funds would be forfeited. He thought he bargained for a simple payroll deduction to fund unreimbursed medical expenses, but the Store gave him an ERISA[1] health care reimbursement account instead. The Store contends that Copling forfeited the remainder of the money pursuant to the terms of the plan.

Copling filed a breach of contract action in state court. The

---

[1] *See* the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

Store removed to federal court and sought summary judgment. The district court granted Copling's motion to remand.

## II.

The Store seeks reversal on the ground that Copling's claim is not subject to the doctrine of conflict preemption. Because we conclude that the district court remanded because it decided that it was without subject matter jurisdiction, we have no appellate jurisdiction and thus cannot reach the merits of the conflict preemption issue.

## A.

We must examine the basis of our appellate jurisdiction, *sua sponte* if necessary. *See Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999); *Jones v. Collins*, 132 F.3d 1048, 1051 (5th Cir. 1998). Likewise, a district court must inquire into its jurisdiction, even if the parties have not questioned it. *See Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272 (5th Cir. 1999). A well-pleaded complaint raising a federal question provides one basis for subject matter jurisdiction.[2]

---

[2] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152-54 (1908) (explaining well-pleaded complaint rule).

As we recently explained in *McClelland v. Gronwaldt*, 155 F.3d 507 (5th Cir. 1998), there are two types of preemption under ERISA. First, ERISA may occupy a particular field, resulting in complete preemption under § 502(a), 29 U.S.C. § 1132(a). *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *McClelland*, 155 F.3d at 516-17.[3] This functions as an exception to the well-pleaded complaint rule; "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 64-65. Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pled as a state action.

Furthermore, because such a claim presents a federal question, it provides grounds for a district court's exercise of jurisdiction on removal from a state court.[4] If the plaintiff moves to remand, all the defendant has to do is demonstrate a substantial federal claim, *e.g.*, one completely preempted by ERISA, and the court may

---

[3] As in *McClelland*, we make no comment on the breadth of ERISA's complete preemption under § 502(a). *See McClelland*, 155 F.3d at 517 n.34.

[4] *See* 28 U.S.C. § 1441 (providing for exercise of removal jurisdiction whenever district court could have exercised original jurisdiction); 29 U.S.C. § 1132(f) (conferring federal jurisdiction over ERISA civil enforcement claims); *see also*, *e.g.*, *Anderson v. Electronic Data Sys. Corp.*, 11 F.3d 1311, 1315 (5th Cir. 1994) (holding that state claim that falls within § 502 civil enforcement provision is a federal claim, creating removal jurisdiction).

not remand. Once the court has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims, *see* 28 U.S.C. § 1367, even if it dismisses or otherwise disposes of the federal claim or claims.

## C.

At issue here, however, is conflict preemption, also known as ordinary preemption, under § 514. *See* 29 U.S.C. § 1144. "State law claims which fall outside the scope of ERISA's civil enforcement provision, § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles established in *Metropolitan Life*." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995).[5]

Conflict preemption simply fails to establish federal question jurisdiction. Rather than transmogrifying a state cause of action into a federal one, as occurs with complete preemption, conflict preemption serves as a *defense* to a state action.[6] "When the

---

[5] *See also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23-27 (1983) (holding that preemption under § 514(a) does not permit a defendant to remove where the plaintiff's state claim falls without the scope of ERISA's civil remedy provisions); *McClelland*, 155 F.3d at 516.

[6] *See Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 408-09 (5th Cir. 1991) (relying on distinction between complete preemption and preemption defense and holding that defense does not confer removal jurisdiction); *see also Rice v. Panchal*, 65 F.3d 637, 639-40 (7th Cir. 1995) (noting that if issue is "merely" conflict analysis, it serves only as a defense, and the complaint is not recharacterized as federal).

doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption.  It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved."  *Dukes*, 57 F.3d at 355 (citing *Franchise Tax Bd.*, 463 U.S. at 27-28).[7]

Hence, when a complaint raises state causes of action that are completely preempted, the district court may exercise removal jurisdiction; but when a complaint contains only state causes of action that the defendant argues are merely conflict preempted, the court must remand for want of subject matter jurisdiction.  When a complaint raises both completely preempted claims and arguably conflict preempted claims, the district court may exercise removal jurisdiction over the completely preempted claims and supplemental jurisdiction over the remaining claims.[8]

D.

---

[7] *See also Soley*, 923 F.2d at 409 (holding that, because remand after rejection of complete preemption is jurisdictional, district court's comments on substantive preemption defense are irrelevant); 28 U.S.C. § 1447(c) (stating that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  This assumes that the court lacks an independent basis for original jurisdiction, such as diversity under 28 U.S.C. § 1332.

[8] *See, e.g., Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 241 (5th Cir. 1990) (ensuring that § 502 preemption of one claim provides basis for jurisdiction, and then addressing conflict preemption of supplemental claims).

The Store contends only that ERISA conflict-preempts Copling's claim. It nowhere cites § 502, but does cite to § 514(a) and relies on conflict-preemption arguments and authority.[9] Because conflict preemption does not function as an exception to the well-pleaded complaint rule, the district court had no federal claims before it at any time. It never had valid subject matter jurisdiction. It had an obligation, therefore, to remand immediately. See § 1447(c).

The court did not remand immediately; instead, it commented that ERISA conflict-preempted none of the claims and then remanded.[10] Nonetheless, the district court did remand pursuant to

---

[9] The Store insists that it has preserved an argument of complete preemption and asks us to decide that issue for the first time on appeal. The record does not support the Store's assertion that it has argued complete preemption all along. The removal notice discusses only the "relates to" language of ordinary preemption; it does not allege complete preemption. The first amended answer to the complaint raises the affirmative defense of ERISA preemption pursuant to 29 U.S.C. §§ 1446 *et seq*. But complete preemption arises from 29 U.S.C. § 1432, not § 1446; and it is not an affirmative defense.

The Store's response to the remand motion again discusses the "relates to" standard of ordinary preemption and nowhere mentions complete preemption under § 502; the same is true of the Store's summary judgment motion. Although we invited the Store to address whether it had raised and preserved a complete preemption argument, the Store has failed to cite a single place in the record where it previously had raised the argument, but rather merely asserts that the argument is preserved and proceeds to make it. This legerdemain of parlaying an ordinary preemption argument into a new complete preemption argument does not suffice.

[10] More properly, the court should have remanded without making any further determination; the state court can resolve whether the conflict preemption defense applies. Because the court lacked jurisdiction, its comments on ordinary preemption are void and can be ignored by the state court. *See Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 762 (5th Cir. 1994) (holding that order granting partial nonsuit "is void and of no effect" because district court lacked subject matter jurisdiction after deciding it had no federal ERISA claims); *Soley*, 923 F.2d at 409 (holding that, because remand was jurisdictional, court's statements on substantive ERISA preemption defense would have no preclusive

(continued...)

7

§ 1447(c) because it lacked subject matter jurisdiction. Copling's remand motion explicitly seeks remand pursuant to § 1447(c). Furthermore, the district court noted that it could hear the motion, untimely filed more than thirty days after removal, only because it was based on a lack of subject matter jurisdiction. It stated no other ground for the remand.

### E.

Given this background, we must decide whether we have jurisdiction to review the order of remand. We begin with 28 U.S.C. § 1447(d), which provides, "An order remanding a case to State court from which it was removed is not reviewable on appeal or otherwise . . . ." Interpreted *in pari materia* with § 1447(c), this indicates that an appellate court lacks jurisdiction to review a remand under § 1447(c); conversely, remands on other grounds may be reviewed.[11] Reviewable non-§ 1447(c) remands constitute a narrow class of cases, meaning we will review a remand order only if the district court "clearly and affirmatively" relies on a non-§ 1447(c) basis. *See Soley*, 923 F.2d at 409; *see also Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1027 (5th Cir. 1991).

---

[10](...continued)
effect on state court consideration of the same issue). We likewise make no comment on the merits of the preemption defense.

[11] *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976); *see also, e.g., Angelides v. Baylor College of Med.*, 117 F.3d 833, 835-36 (5th Cir. 1997); *Soley*, 923 F.2d at 407-08.

Under § 1447(d), we may not review a § 1447(c) remand, based on a putative want of jurisdiction, even if the district court's remand is plainly erroneous. *See Thermtron*, 423 U.S. at 351; *Angelides*, 117 F.3d at 836; *Tillman*, 929 F.2d at 1028; *Soley*, 923 F.2d at 408. We refuse to review even erroneous remands, "to prevent delay through protracted litigation of jurisdictional issues." *Id*. Although the district court, however briefly and without preclusive effect, mistakenly felt compelled to address conflict preemption, it also properly remanded for want of jurisdiction. We cannot review this § 1447(c) remand under § 1447(d).[12]

### F.

The Store seeks to avoid § 1447(d) by arguing that we can review the merits as separable from, and collateral to, the remand. We cannot. In *Angelides*, we explained that an order is separable, and hence appealable notwithstanding § 1447(d), if two conditions are satisfied: "First, it must precede the order of remand in logic and in fact, so as to be made while the district court had control of the case. Second, the order sought to be separated must be conclusive. An order is conclusive if it will have the

---

[12] *Cf. Bogle*, 24 F.3d at 762 (5th Cir. 1994) (dismissing appeal of remand that discussed discretionary factors because the district court had indicated its lack of a federal claim, and noting that "[t]he critical distinction for determining appealability is the presence of federal subject matter jurisdiction prior to the order of remand.").

9

preclusive effect of being functionally unreviewable in the state court." *Angelides*, 117 F.3d at 837 (citations and quotations omitted); *see also Soley*, 923 F.2d at 409-10.

The instant order meets neither condition. As we held in *Soley* when we dismissed the same argument:

> [T]he rejection of an ERISA preemption defense does not 'in logic and in fact' precede a remand order because, under the 'well-pleaded complaint' rule, a defense does not confer removal jurisdiction. Instead, if the district court considered the preemption defense, it did so only because of an erroneous belief that the defense was relevant to the jurisdictional issue . . . . In this case, . . . because we interpret the remand order as jurisdictional, the state court will have an opportunity to consider the appellants' preemption defense and the district court's order will have no preclusive effect.

*Id*.[13] The Store offers no ground for distinguishing *Soley*, and we know of none.[14] The discussion of ERISA conflict preemption is not

_____

[13] *Cf. Mitchell v. Carlson*, 896 F.2d 128, 131-34 (5th Cir. 1990) (reviewing portion of remand order that resubstituted an individual defendant for the United States, and thus destroyed diversity jurisdiction, because it necessarily preceded the remand and would not be reviewed by the state court).

[14] The Store argues that *McClelland*'s "two-step inquiry" into complete preemption requires finding ordinary preemption before addressing whether the claim falls within § 502(a). It then argues that a rejection of an ordinary preemption defense in this process constitutes a separable, appealable order. The Store's argument eviscerates § 1447(d)'s limitation on appeals from jurisdictional remands in ERISA preemption cases, making all rejected preemption claims appealable whenever the court discusses ordinary preemption.

In *McClelland*, we described complete preemption as a "two-prong[ed] analysis" that requires finding the claim both (1) preempted within the meaning of § 514 (ordinary preemption) and (2) within § 502(a)'s civil enforcement provisions. *McClelland*, 155 F.3d at 517. Because a claim that falls within § 502(a)'s civil enforcement provisions usually, if not always, also will be preempted by § 514(a), a district court addressing complete preemption in a jurisdictional posture might address preemption the same way we did in *McClelland*SSassume, *arguendo*, ordinary preemption and address whether the claim falls within the scope of § 502(a). *Cf. id*. Indeed, the Supreme Court in *Metropolitan Life* addressed only § 502, ignoring conflict preemption under § 514.

(continued...)

10

a separable, appealable order.

Because the district court remanded pursuant to § 1447(c), the appeal is DISMISSED for want of jurisdiction under § 1447(d).

---

[14](...continued)
*See Metropolitan Life*, 481 U.S. at 63-66.

If the court finds no preemption under § 502(a), it may remand without commenting on the ordinary preemption defense. But when a court addresses the two prongs sequentially, the ordinary preemption step does not become a separable, appealable order; it remains part of the jurisdictional analysis. When a court mistakenly feels compelled to address ordinary preemption even though complete preemption is not argued, and yet remands for want of subject matter jurisdiction, its error is irrelevant, and § 1447(d) denies us jurisdiction on appeal.

WIENER, Circuit Judge, specially concurring:

I concur in the foregoing opinion, but I write separately (1) to emphasize the narrowness of our holding today, (2) to encourage the state court to which this case is remanded to recognize that counsel for Copling so grossly mischaracterized his client's cause of action as a state breach of contract claim as to approach frivolousness; the most cursory of looks at the legal document executed by Copling, a competent major, confirms beyond cavil that he voluntarily signed an enrollment document in a dental plan that is governed exclusively by ERISA, (3) to furnish additional guidance to the courts and the litigants regarding the interplay of ERISA preemption and the federal removal statute, and (4) to note the importance of carefully pleading the appropriate type of preemption —— conflict or complete —— in cases such as this.

First, in concurring in the foregoing panel opinion, I start with the observation that we are reaffirming the well-established principle that 28 U.S.C. § 1447(d) precludes absolutely our review of a district court's order that, pursuant to § 1447(c), remands a case to state court for lack of subject matter jurisdiction. As the panel opinion correctly notes, not only is there no appellate jurisdiction to review such a remand, but a district court that concludes it lacks jurisdiction necessarily cannot adjudicate on the merits any issue of ERISA <u>conflict</u> preemption. And, as I

observe below, conflict preemption is the only kind of preemption that the parties have placed before the district court in this case.

Second, I acknowledge the important corollary that, when an action is timely removed under § 1441(a), the district court to which it has been removed does have jurisdiction to decide whether a claim is <u>completely</u> preempted by ERISA, thereby making remand improper. Importantly, in considering complete preemption, the district court is not — I repeat, <u>not</u> — bound by a plaintiff's self-serving characterization of his claim; on the contrary, the court can determine for itself whether in actuality the claim asserted arises under an employee benefit plan covered by ERISA. [15] I cannot determine with any degree of certainty whether the able trial judge in this case simply accepted the plaintiff's characterization of his claim as breach of contract under state law, in a mistaken belief that the court was somehow bound under the well-pleaded complaint doctrine (which it was not), or if the court just failed to consider and discern the true ERISA nature of the plaintiff's complaint. I am satisfied, however, that the district court was not bound to accept unquestioningly Copling's allegation that he entered into a contract with his employer separate and apart from the very ERISA plan in which he enrolled,

---

[15] <u>See</u> <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 66 (1997); <u>Hansen v. Continental Ins. Co.</u>, 940 F.2d 971, 979 (5th Cir. 1991).

13

expressly and in writing. The court quite properly could have considered whether Copling signed an election to have payroll deductions used to fund his participation in the subject ERISA-covered medical and dental plan (action that the limited record in this case clearly confirms that he took), and could then have treated the claim —— as none other than Copling himself elsewhere characterized it —— as one for "misrepresentation of the terms of the Plan," undeniably a claim exclusively grist for the ERISA mill. The saving grace of this misstep is that our colleague on the state bench to which this case is remanded will have ample opportunity to correct it.

Finally, I would urge the district courts of this Circuit to remain mindful of the important burden they bear as a result of the interaction of § 1447 and ERISA preemption: As § 1447(d) does not permit appellate review of a remand order based on a conclusion that no complete preemption exists, it is incumbent on the district courts, when considering remand motions, to decide complete preemption issues with the utmost of care, and —— importantly —— to do so without addressing any conflict preemption issue that might remain as an affirmative defense to be resolved subsequently, regardless of whether the case is remanded to state court or retained in federal court. In like manner, lawyers representing defendants who are relying on ERISA preemption should remain ever mindful that a federal district court cannot decide a question of complete preemption unless it is asked to do so by a party —— the

14

court cannot "lawyer" the case on its own. As, alone, <u>conflict</u> preemption will not sustain removal, it is the responsibility of counsel for a defendant who seeks to remain in federal court by meeting its burden of justifying remand, to articulate clearly and with specificity —— and to establish —— a viable argument for <u>complete</u> preemption. Even though a complete preemption issue clearly lurks in the record of this case, it was not presented to the district court. Thus, that court's order of remand resolves no preemption issue of any kind. Unless I miss my bet, however, conflict preemption will be presented lucidly to the state court on remand, where our learned state colleagues will, I am confident, address these matters and decide them correctly.

15