# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 99-60181
Summary Calendar
_____

JERLINE PETTIES BOSTON, Individually and as Personal
Representative of the Wrongful Death Beneficiaries of J C Petties,
Deceased,

Plaintiff - Appellee,

versus

TITAN INDEMNITY COMPANY; ET AL,

Defendants,

TITAN INDEMNITY COMPANY,

Defendant - Appellant,

versus

COAHOMA COUNTY, MS, By and Through Its
Board of Supervisors In Their Official Capacity,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(2:98-CV-154-B-B)

_____

October 11, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellee Jerline Petties Boston, a Missouri citizen, brought a wrongful death

action in state court against defendant-appellee Coahoma County (the "County"), a Mississippi

county. Boston and the County resolved the suit by reaching an agreement under which the

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

County would pay Boston $42,500 and have judgment entered against it in the amount of $557,500. In return, Boston agreed to pay the County any amount up to $42,500 that Boston obtained in an action against the County's alleged insurer, defendant-appellant Titan Indemnity Company ("Titan"), a Texas corporation with its principal place of business in Texas.

Boston subsequently brought this writ of garnishment against Titan and the County. Titan removed to federal court, arguing that there was diversity of citizenship between the parties. It contended that Boston should be treated as a Mississippi citizen because Boston was acting as the personal representative of Mississippi citizens, that it was a Texas citizen, and that the County should be "realigned"as a plaintiff. Boston subsequently moved to remand. The district court agreed with Titan that the County should be treated as a plaintiff. However, the court found that with the County so realigned, Titan should be treated as a Mississippi citizen under the "direct action" provision of the diversity statute.[1] *See* 28 U.S.C. § 1332(c)(1). Because this destroyed diversity jurisdiction, the court remanded for lack of subject matter jurisdiction and subsequently denied Titan's motion for reconsideration. Titan appeals these rulings.

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." This bar extends even to "erroneous remands," *Copling v. The Container Store, Inc.*, 174 F.3d 590, 596 (5th Cir. 1999), but it is not absolute; the bar applies only to remands based on 28 U.S.C. § 1447(c), where the district court makes "determinations as to its subject matter jurisdiction and compliance with remand procedures." *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1027 (5th Cir. 1998). Thus, appellate review remains available where the district court "clearly and affirmatively state[s] that it relied on

---

[1] This provision treats a defendant insurer as a citizen of the insured's state when the insured is not also a defendant. It provides that:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1331(c)(1).

a non-1447(c) ground." *Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 409 (5th Cir. 1991); *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (reviewing the district court's discretionary remand of pendent state law claims).

Here, the district court, finding that there was no diversity, held that it lacked jurisdiction over the case. Even though the court did not expressly state that it was remanding based on § 1447(c), it was clear from its ruling that it relied on this section and thus § 1447(d) prevents us from reviewing the court's order. *See Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1027 (5th Cir. 1991) ("[E]ven if the trial court neither states as grounds for remand the specific words of § 1447(c) nor cites the statute itself, the order is unreviewable if, by substantially similar language, it is evident that the court intends to remand for the grounds recited in § 1447(c).").

Titan's argument to the contrary—that we may review the remand order because it was based on an improper application of the direct action provision of the diversity statute, *see* 28 U.S.C. § 1331(c)(1), rather than on § 1447(c)—is unavailing. Because the district court's application of the direct action provision was a necessary part of its determination that diversity jurisdiction did not exist, we are barred from reviewing that application.[2]

Alternatively, Titan argues that the court's finding that Titan insured the County is an independently reviewable "separable" portion of the court's ruling. This argument also fails. An order is separable from a remand order and may be reviewed on appeal if it "precede[s] the order of remand in logic and in fact, so as to be made while the district court had control of the case," and if it is "conclusive." *Angelides v. Baylor College of Medicine*, 117 F.3d 833, 837 (5th Cir. 1997) (quotations and citations omitted); *c.f., e.g.*, *Mitchell v. Carlson*, 896 F.2d 128, 133 (5th Cir. 1990) (reviewing a resubstitution order that was "prior to and separable from the remand order"). The remand order fails the second prong of this test. The court made its determination about Titan's insured status to determine whether it had jurisdiction over the case. As such, it

---

[2]    In light of our finding in this regard, we do not reach Boston's alternative argument that Titan's appeal was untimely.

was a finding that was "jurisdictional in nature," can be revisited by the state court, and therefore is not "conclusive." *Angelides*, 117 F.3d at 837-38 (finding that exhaustion and immunity findings were jurisdictional decisions and thus not separable); *see also Copling*, 174 F.3d at 597 (finding that an ERISA preemption determination made in a remand order was not separable).

Because the district court remanded for lack of subject matter jurisdiction, we DISMISS the appeal for lack of jurisdiction under § 1447(d).