IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50694

_____


ZOLTAN DAVID, II; PATTI DAVID

                    Plaintiffs - Appellees

v.

BANKERS INSURANCE COMPANY; ET AL

                    Defendants

BANKERS INSURANCE COMPANY

                    Defendant - Appellant

_____

Appeal from the United States District Court
for the Western District of Texas
(A-99-CV-118)

_____

March 24, 2000

Before KING, Chief Judge, and GARWOOD and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Bankers Insurance Company appeals from a
district court order that remanded this case to the Texas state
court from which it was removed and denied Bankers's motion to
dismiss under Federal Rule of Civil Procedure 12(b)(6).  We are a
court of limited jurisdiction.  See Murphy v. Uncle Ben's, Inc.,
168 F.3d 734, 741 (5th Cir. 1999).  One of the limits on our

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction can be found in 28 U.S.C. § 1447(d), which precludes us from reviewing a district court's remand order entered pursuant to 28 U.S.C. § 1447(c), "even if the remand order is clearly erroneous." Soley v. First Nat'l Bank, 923 F.2d 406, 408 (5th Cir. 1991). The remand order in this case having been entered pursuant to § 1447(c), we are without appellate jurisdiction to entertain an appeal from it.

We may, however, review any other decisions contained in the order if they are "separable" from it. See Angelides v. Baylor College of Med., 117 F.3d 833, 837 (5th Cir. 1997). An order is separable from a remand order if it precedes the remand in logic and fact and is conclusive, meaning "it will have the preclusive effect of being functionally unreviewable in the state court." Id. If a case is remanded for lack of subject matter jurisdiction, the rulings contained in the order are considered jurisdictional and are not binding on the state court. See id. Here, the case was remanded for lack of subject matter jurisdiction, so the district court's denial of Bankers's Rule 12(b)(6) motion has no preclusive effect on the state court. It is therefore not separable from the order of remand and is unreviewable.

The appeal is DISMISSED for want of appellate jurisdiction.