UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 00-20280
_____

ROBERT REEVES,

*Plaintiff-Appellee,*

versus

NORTHWEST AIRLINES, INC.; ET AL.,

*Defendants,*

NORTHWEST AIRLINES, INC.; GIL CASTENADA,

*Defendants-Appellants.*

_____

Appeal from the United States District Court for the
Southern District of Texas, Houston
USDC No. H-99-CV-1242
_____

March 8, 2001

Before FARRIS,[*] JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[**]

Northwest Airlines, Inc. and Gil Castaneda (collectively referred to as "Northwest") appeal the magistrate judge's order denying Robert Reeves' motion to remand, declining supplemental jurisdiction and remanding the remainder of Reeves' state causes of action. We affirm.

_____

[*]Circuit Judge of the Ninth Circuit, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reeves filed this action in state court after his arrest for threatening to hijack a flight on which he was ticketed. Reeves' complaint alleged causes of action for negligence, false arrest, malicious prosecution, breach of contract, defamation and conspiracy. Northwest removed the action to federal court and the parties consented to final judgment by a magistrate judge. Holding that the Airline Deregulation Act, 49 U.S.C. § 41713, preempted Reeves' contract cause of action, the magistrate judge denied Reeves' motion to remand the action to state court. After dismissing the contract claim, the magistrate judge refused to exercise supplemental jurisdiction over Reeves' remaining claims and remanded the remaining claims to state court.

On appeal, Northwest contends that the ADA and Federal Aviation Administration regulations preempt Reeves' state claims, and that federal common law governs those claims.

We review a decision rendered by a magistrate judge just as we would a decision rendered by a district court. *See Lady v. Neal Glaser Marine, Inc.*, 228 F.3d 598, 601 (5th Cir. 2000). We review de novo questions of law such as whether federal law preempts a state cause of action. *See id.*

Before the magistrate judge, Northwest and Castenada argued that there was federal jurisdiction because (1) the ADA preempted state law claims for alleged wrongful exclusion from a flight, and (2) federal regulations and duties were an essential part of

2

Reeves' prima facie case under state law. They did not argue that FAA safety regulations completely preempt Reeves' state law claims and we do not consider that question. Arguments against remand must be preserved on appeal. *See Copling v. Container Store, Inc.*, 174 F.3d 590, 595 n.9 (5th Cir. 1999). The magistrate judge did not abuse her discretion by declining supplemental jurisdiction over the state tort claims, *see Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996).

We do not address Northwest's contention that federal common law should govern Reeves' state tort claims. Although Northwest did intimate this point at the trial level, it failed to adequately raise the issue. *See Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.)*, 6 F.3d 1119, 1128 & nn. 22-23 (5th Cir. 1993).

The order dismissing Reeves' contract cause of action as preempted, declining supplemental jurisdiction and remanding Reeves' remaining causes of action for adjudication in state court is supported by the record.

Affirmed.