**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-11114
(Summary Calendar)

_____

SAFIYA A KHALID,

                              Plaintiff - Appellant,

versus

SIGNATURE LEASING & MANAGEMENT INC; RICHARD
SENGER, President; THISTLE/WEISENHUNT TRUST, ESTATE;
ROBERT L THISTLE; JACK M WEISENHUNT,

                              Defendants - Appellees.

| Appeal from the United States District Court |
| --- |
| For the Northern District of Texas |
| No. 3:01-CV-1020-R |

_____

No. 01-11158
(Summary Calendar)

_____

In Re:  SAFIYA A KHALID,

                              Petitioner.

| Petition for a Writ of Mandamus |
| --- |
| To the United States District Court |
| For the Northern District of Texas |
| May 17, 2002 |

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pending before this court are Safiya A. Khalid's petition for a writ of mandamus; motion to extend the page limitation on her petition for a writ of mandamus; motion to file her appellant's brief out-of-time; motion to use the petition for a writ of mandamus and its appendices as the appellant's brief; separate motion for mandamus relief compelling the district court to rule on her motion to proceed *in forma pauperis* (IFP) and her motion for consolidation of certain state cases; motion to join the United States Post Office as a party; motion to file an out-of-time response to the appellees' motion to dismiss the appeal; and motion for sanctions against the appellees' attorney pursuant to 28 U.S.C. § 1927. Also pending are the appellees' motion to dismiss Khalid's appeal for lack of jurisdiction; and their motion to file an out-of-time response to Khalid's request to use the petition for a writ of mandamus as the appellant's brief.

Khalid's motions to extend the page limitation and use the petition for a writ of mandamus and its appendices as the appellant's brief are GRANTED. Khalid's motion to file an out-of-time response to the motion to dismiss and appellees' motion to file an out-of-time response to Khalid's request to use the mandamus petition as her brief on appeal are GRANTED. Khalid's motions to file the appellant's brief out-of-time, join parties, and impose sanctions are DENIED.

In her petition for a writ of mandamus/appellant's brief, Khalid requests review of the district court's order remanding to Texas state court for lack of subject-matter jurisdiction a case she removed to federal court. Khalid also asks that we issue a writ of mandamus directing the district court to consider the merits of her case and to take certain actions in relation thereto. In conjunction with that request, Khalid asks that we issue a temporary injunction against the State of Texas and certain Texas state courts, and direct certain state courts to forward transcripts to the federal courts.

This court is precluded from reviewing remand orders issued pursuant to 28 U.S.C. § 1447(c)

-2-

for lack of subject-matter jurisdiction by appeal, mandamus, or otherwise. *See* 28 U.S.C. § 1447(d); *Angelides v. Baylor Coll. of Med.*, 117 F.3d 833, 835-36 (5th Cir. 1997). "This is true even if the district court's order was erroneous." *Id.* at 836. The district court was divested of jurisdiction over Khalid's case when it was remanded to state court. *See* 28 U.S.C. § 1447(c); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984) (holding that a federal district court is divested of jurisdiction after it remands a removed case back to state court). Thus, the appellees' motion to dismiss the appeal is GRANTED, and Khalid's appeal is DISMISSED.

Accordingly, Khalid's requests for mandamus relief relating to the merits of her case are moot. *See In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987) (noting that mandamus is an "extraordinary remedy," granted only in the "clearest and most compelling cases" in which a party seeking the writ shows that "no other adequate means exist to attain the requested relief," and that the right to relief is "clear and indisputable."). To the extent Khalid's request for mandamus relief may be interpreted as seeking a ruling on her motion for leave to proceed IFP on appeal, the request does not pertain to district court's remand order or to the merits of her case. However Khalid's request for mandamus relief is also moot in that regard. The district court granted Khalid leave to proceed IFP on appeal on November 9, 2001. Therefore, Khalid's requests for mandamus relief are DENIED.

After a thorough review of the outstanding motions in this matter, we note that Khalid's appeal can be categorized as nothing other than frivolous. The arguments in her petition for a writ of mandamus/appellant's brief "are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988). Thus, we take this opportunity to warn Khalid that should further frivolous filings be presented to this court, we will not hesitate to impose sanctions in accordance with FED. R. APP. P. 38.

APPEAL DISMISSED; REQUESTS FOR WRIT OF MANDAMUS DENIED; MOTIONS TO DISMISS THE APPEAL, EXTEND PAGE LIMITATION, AND USE THE PETITION FOR A WRIT OF MANDAMUS AND ITS APPENDICES AS THE APPELLANT'S BRIEF GRANTED; REQUESTS TO FILE OUT-OF-TIME RESPONSES GRANTED; MOTIONS TO FILE APPELLANT'S BRIEF OUT-OF-TIME, JOIN PARTIES, AND IMPOSE SANCTIONS DENIED.