United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-21226
Summary Calendar

_____

YAHVAH, in and through Yahvah's Kingdom People
via ambassadors Claude Hugh Lloyd The Second
and Cassondra Jean Lloyd,

Plaintiff-Appellant,

versus

HENRY CUELIAR, Texas Secretary of State;
RICK PERRY, Texas Governor; CLARENCE JAMES,
Harris County Appraisal Review Board; JIM ROBINSON,
Harris County Appraisal District; PETE ALFARO,
Baytown Mayor; DON HENDRIX, Crosby Independent
School District Superintendent; BARBARA SULTIS,
Goose Creek Independent School District Superintendent,
All others of like kind; CITY OF BAYTOWN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-02-CV-87)

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Claude Hugh Lloyd and Cassondra Jean Lloyd seek a declaratory

judgment that the "taxing entities" of the United States and Texas

have no jurisdiction over them.  This court must examine the basis

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of its jurisdiction, *sua sponte* if necessary. *E.g.*, **Copling v. Container Store, Inc.**, 174 F.3d 590, 594 (5th Cir. 1999). The Lloyds did not file a timely notice of appeal from the final judgment dismissing their action for lack of jurisdiction. Therefore, we lack jurisdiction to review that judgment. *E.g.* **Dison v. Whitley**, 20 F.3d 185, 186 (5th Cir. 1994).

The Lloyds did timely file a notice of appeal from the order striking their pleading entitled, "Final order of formal acknowledgment from United States District Court". Because the Lloyds have not identified any error in that order, however, they have abandoned that appeal. *See* **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987). The appeal is without arguable merit and, therefore, is **DISMISSED** as frivolous. *See* **Howard v. King**, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. (The "Demand to compel court to sign final order" is **DENIED**.)

The Lloyds are warned that filing future frivolous complaints or appeals will result in the imposition of sanctions.

*APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED*