United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40066

Summary Calendar

_____

RONNIE MEISSNER

                Plaintiff - Appellee

    v.

FROG LEAP, Etc; ET AL

                Defendants

RICHARD S KARAM

                Defendant - Appellant

_____

Appeal from the United States District Court
for the Eastern District of Texas
No. 2:02-CV-262

_____

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Richard S. Karam appeals the district

court's remand of this case to state court.  Because we conclude

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

that this court is statutorily precluded from reviewing the remand order, we dismiss Karam's appeal for lack of jurisdiction.

Plaintiff-Appellee Ronnie Meissner originally filed this civil action in Texas state district court, seeking an order requiring Karam to account and divide the assets and profits of their general partnership, Defendant Frog Leap. Karam removed the case to federal district court based solely on the existence of diversity of citizenship. Meissner then filed a motion to remand.

The federal district court determined that the Frog Leap partnership consisted of two partners, one of whom (Meissner) was a citizen of Texas, and the other (Karam) was a citizen of Oklahoma. Consequently, the court found that Frog Leap should be considered a citizen of both Texas and Oklahoma. Because both Frog Leap and Meissner had Texas citizenship, the court concluded that diversity jurisdiction did not exist. Given that diversity jurisdiction was Karam's only asserted basis for subject matter jurisdiction, the court granted Meissner's motion and remanded the case to state court.

The threshold question in this case is whether we have appellate jurisdiction to review the district court's remand. Section 1447(c) of Title 28 of the United States Code authorizes remand for lack of subject matter jurisdiction, while § 1447(d) provides that "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

2

Save for a few exceptions, "a remand to state court for lack of subject matter jurisdiction under § 1447(c) is ordinarily barred from appellate review by § 1447(d)." Arnold v. Garlock, 278 F.3d 426, 437 (5th Cir. 2001). This rule applies even if the district court's determinations regarding subject matter jurisdiction are erroneous. Heaton v. Monogram Credit Card Bank of Ga., 231 F.3d 994, 997 (5th Cir. 2000).

One exception to this rule is derived from the Supreme Court's decision in Thermtron Products, Inc. v. Hermandorfer, 423 U.S. 336 (1976). The Thermtron Court carved out a "narrow exception to the strict bar to appellate review of remand orders. [The Thermtron exception provides that] a remand order may be reviewed where the district court has 'remanded [a case] on grounds not authorized by the removal statutes.'" Angelides v. Baylor Coll. of Med., 117 F.3d 833, 836 (5th Cir. 1997) (quoting Thermtron, 423 U.S. at 353).

On appeal, Karam contends that the Thermtron exception applies because the district court ruled on an issue not specifically stated in the motion to remand when it determined that Frog Leap was a necessary party to the litigation. In so doing, he continues, the court exceeded its statutorily-defined powers under § 1447(c). As a result, Karam concludes, appellate jurisdiction is proper.

3

We agree with Meissner's contention that Thermtron is plainly distinguishable from this case. In Thermtron, the Court held that a district court exceeded its removal powers under § 1447(c) when "neither the propriety of the removal nor the jurisdiction of the court was questioned," and the district court's determining factor for remand was its heavy docket. 423 U.S. at 343-44. These unique considerations are not present in this case. In his motion to remand, Meissner argued that the basis for remand was the absence of diversity between the named parties. The remand order, incorporating Meissner's argument, expressly concluded that diversity jurisdiction was lacking. In so doing, the district court directly implicated subject matter jurisdiction, which plainly indicates that the court remanded the case on grounds that are authorized by § 1447(c). Thus, regardless of the court's determination that Frog Leap was a necessary party to the litigation, the narrow Thermtron exception is not applicable.

Because Karam fails to demonstrate that any of the available exceptions to § 1447(c) apply, we are required under § 1447(d) to DISMISS this appeal for lack of jurisdiction.