United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 19, 2004**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 03-30703

---

MAE LOUISE VICTOR,

Plaintiff-Appellee,

VERSUS

GRAND CASINO-COUSHATTA; COUSHATTA TRIBE OF LOUISIANA;
AND GRAND CASINOS OF LOUISIANA, INC.-COUSHATTA,

Defendant-Appellants.

---

Appeal from the United States District Court
for the Western District of Louisiana

---

Before HIGGINBOTHAM, SMITH, and
WIENER, Circuit Judges.

PER CURIAM:

Defendants challenge the remand of this matter to state court. Because we lack appellate jurisdiction, we dismiss the appeal.

I.

Mae Victor claimed to have won a large jackpot at Grand Casino-Coushatta. The casino asserted that a malfunction in the slot machine generated the jackpot, so it refused to pay. Victor sued in state court for breach of contract, naming as defendants the casino; the Coushatta Indian Tribe; and Grand Casinos of Louisiana, Inc. ("Grand Casinos"). Defendants removed to federal court *via* 28 U.S.C. § 1441(a) and based federal subject matter jur-

isdiction on diversity of citizenship.[1] *See* 28 U.S.C. § 1332(a)(1).

The district court, acting on the recommendation of a magistrate judge, determined that the parties were non-diverse and that federal subject matter jurisdiction was lacking. Specifically, the court held that the Coushatta Indian Tribe destroyed diversity both in its presence as a stateless person and in the effect of its Louisiana origin on the ownership of the Casino itself. Consequently, the court remanded to state court.[2]

## II.

Defendants challenge the remand on two grounds related to the parties' ability to maintain diversity jurisdiction: (1) the determination that the Indian tribe waived its immunity; and (2) the determination that an amendment to the Tribal State Compact did not apply retroactively to bar Victor's claim. Before considering such questions, however, we must determine whether we have jurisdiction to hear any element of this appeal.[3]

Because the district court remanded based on lack of subject matter jurisdiction, we lack the power to hear any element of the subsequent appeal. Title 28 U.S.C. § 1447 addresses the removal of matters to federal court. Section 1447(c) discusses remanding a case to a state court.[4] Section 1447(d) directly limits the scope of federal appellate review of remanded cases: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" (with the exception of cases removed to federal courts under a civil rights statute).

The Supreme Court and this court have interpreted the two statutes to prohibit appellate jurisdiction over matters remanded to state court where a district court bases remand on a lack of subject matter jurisdiction. The language of § 1447(d) is unambiguous. *See, e.g., Angelides v. Baylor College of Med.*, 117 F.3d

---

[1] Victor is a Louisiana citizen. The casino is a business entity that consists of the Indian tribe and Grand Casinos. Defendants assert that the tribe "is a Federally recognized Grand Indian Tribe, with its reservation located in Allen Parish, Louisiana." Grand Casinos is a Minnesota corporation with its principal place of business in Minnesota. The district court ultimately decided that the tribe destroyed diversity because it was a non-state entity and because of its citizenship viewed in conjunction with its partial ownership in the casino.

[2] As part of its remand, the court considered whether the Indian tribe, by entering into a gaming compact with the state, had waived its sovereign tribal immunity. If the tribe retained its immunity, Victor could recover no damages from it. Defendants characterized Victor's inclusion of the tribeSSwhich inclusion frustrated diversitySSas fraudulent. The court, however, determined that the tribe waived its immunity in this kind of suit and that Victor could, in the abstract, obtain damages from the tribe.

[3] Because this appealSSconcerning both appellate jurisdiction and the question of tribal immunitySSconcerns matters of subject matter jurisdiction, we use a *de novo* standard of review. *See, e.g., Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP*, 338 F.3d 442, 444 (5th Cir. 2003); *Bissonnet Invs. LLC v. Quinlan (In re Bissonnet Invs. LLC)*, 320 F.3d 520, 522 (5th Cir. 2003) ("We review questions of subject matter jurisdiction *de novo*.").

[4] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . . The State court may thereupon proceed with such case."

833, 835 (5th Cir. 1997) ("Appellate courts are precluded from reviewing remand orders issued pursuant to § 1447(c), by appeal, mandamus, or otherwise.").[5] Furthermore, "even if the district court's determination of subject matter jurisdiction was erroneous, it remains immune from review." *Rio de Janeiro of the Federated Republic of Brazil v. Philip Morris*, 239 F.3d 714, 716 (5th Cir. 2001).[6]

The Supreme Court has created a narrow group of remanded cases that fall outside § 1447(d). "[W]here a case has been properly removed and the remand order is issued on grounds not authorized by § 1447(c)," an appellate court may review the decision to remand. *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976). The district court in *Thermtron* expressly remanded because of its crowded docket and not because of jurisdictional concerns. *Id*. at 340-41.

The Supreme Court, however, has limited the possible class of appealable remand orders. "As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdictionSSthe grounds for remand recognized by § 1447(c)SSa court of appeals lacks jurisdiction

to entertain an appeal of the remand order under § 1447(d)." *Things Remembered*, 516 U.S. at 127-28. The district court's entire reason for remanding Victor's case centered on the lack of diversity jurisdiction.[7]

### III.

The district court ruled on an argument put before it that directly implicated the subject matter jurisdiction of that court. The court explicitly held "that the joinder of the tribe is not fraudulent, and that the stateless status of the tribe therefore destroys complete diversity, and along with it, this Court's diversity jurisdiction." The accompanying remand falls directly within § 1447(c). Consequently, pursuant to § 1447(d), we lack jurisdiction to review the order of remand.

The appeal is DISMISSED for want of jurisdiction.

---

[5] The limitation on appellate review extends only to matters remanded based on a lack of subject matter jurisdiction and pursuant to § 1447(c). *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) ("§ 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d).").

[6] The statute and the construing courts have limited appellate review over such matters because "federal appeal of remand orders would delay justice in state courts." *Angelides*, 117 F.3d at 836.

[7] Defendants lamely attempt to characterize the district court's consideration of the tribe's sovereign immunity as something that "exceeded its authority [and was] unnecessary in light of the findings of the Magistrate and the remaining conclusions reached by the District Court's remand order." The district court's analysis, however, arose out of a question involving diversity jurisdiction. Although the court determined that the inclusion of an Indian tribe destroyed diversity, it also considered whether Victor may have engaged in some kind of fraudulent joinder. If the tribe maintained its immunity, Victor could not possibly recover from it, and the district court could disregard its presence for diversity purposes.