# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41489

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

RICHARD A. DUNSMORE,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-301

Before JOLLY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In November 2015, the State of Texas filed a petition in state court under Chapter 841 of the Texas Health & Safety Code seeking to civilly commit Richard A. Dunsmore for treatment and supervision as a sexually violent predator.  Dunsmore, currently resident # 06526120 at the Texas Civil Commitment Center, moves for (1) a stay of the district court's order remanding that case to state court after he attempted to remove it to federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41489

court; (2) a certificate of appealability (COA) to appeal the district court's dismissal without prejudice of any 28 U.S.C. § 2254 habeas claims Dunsmore sought to bring; (3) leave to file a supplement to his motion for a COA; (4) leave to proceed in forma pauperis (IFP); (5) appointment of counsel; and (6) proper classification and styling of the case on appeal.

Dunsmore argues that his case was incorrectly construed by the district court as a habeas corpus proceeding; federal subject matter jurisdiction existed over the removal of his civil commitment case because the case implicated his federal constitutional rights; the district court violated his due process rights in remanding the case; the State acted fraudulently in the district court and in his state proceedings; and there were improprieties in his state proceedings, including the denial of his right to counsel.

Because the district court remanded the case to state court based on lack of federal subject matter jurisdiction, appellate review of the district court's remand order is barred by 28 U.S.C. § 1447(d). *See Victor v. Grand Casino-Coushatta*, 359 F.3d 782, 784 (5th Cir. 2004). Additionally, Dunsmore does not brief any argument contesting the district court's ruling that he failed to exhaust his state remedies as to any habeas claims he was presenting. He thus has not satisfied the standards for a COA with respect to the district court's dismissal under § 2254(b)(1). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (recognizing that even pro se litigants must brief arguments in order to preserve them).

Dunsmore's appeal is DISMISSED for lack of jurisdiction to the extent he challenges the district court's remand order. Dunsmore's motions for a stay of the district court's remand order; a COA; leave to file a supplement to his motion for a COA; leave to proceed IFP; appointment of counsel; and proper

No. 16-41489

classification and styling of the case on appeal are DENIED. All other outstanding motions and requests by Dunsmore are DENIED.