Virginia JONES, et al. Plaintiffs

v.

BELHAVEN COLLEGE, et al. Defendants

No. CIV.A. 303CV874WS.

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 30, 2004.

Dale Danks, Jr. & Pieter Teeuwissen of Danks, Simon & Teeuwissen, Jackson, MS, counsel for plaintiffs/counter-defendants.

Walter D. Willson & Kelly D. Simpkins are counsel for defendant/counter-claimant Belhaven College.

Terrell S. Williamson of Phelps Dunbar is counsel for defendant City of Jackson, Mississippi.

## ORDER DENYING REMAND

WINGATE, District Judge.

Before this court is plaintiffs' motion asking this court to remand this lawsuit to the Chancery Court for the First Judicial District of Hinds County, Mississippi, where it was filed by plaintiffs on June 30, 2003. Plaintiffs here are Virginia H. Jones, Scott McCay, Richard Stamm, Roy Jones, Laura Jones, James Craig, Anita Craig, Joel Drummond, Amy Drummond, and Judy Stamm, all resident citizens of Hinds County, Mississippi. The defendants are Belhaven College and The City of Jackson, Mississippi. Plaintiffs have invoked the legal process on behalf of the Belhaven Improvement Association to halt the construction of a parking lot on a historic corner within the Belhaven Community and to preserve several pine trees and pecan trees located there. Defendants, who challenge plaintiffs' entitlement to the relief sought, removed this action from state court to this federal forum on July 9, 2003, contending that this court has subject matter jurisdiction under Title 28 U.S.C. § 1331,[1] federal question jurisdic-

---

1. Title 28 U.S.C. § 1331 provides that, "[t]he district courts shall have original jurisdiction

tion. Of a contrary opinion that this lawsuit belongs in state court where it was filed, plaintiffs have submitted the instant motion to remand, under the auspices of Title 28 U.S.C. § 1447(c).[2] For the reasons hereinafter enunciated, this court is persuaded to deny plaintiffs' motion.

### The Dispute

The plaintiffs brought this action to preserve an area around and to the east of Belhaven College including Greymont Avenue from Pinehurst Place to Riverside Drive in Jackson, Mississippi. This area is part of the Belhaven Historic District, created pursuant to the City of Jackson's Historic Preservation Ordinance. According to the plaintiffs' first amended complaint, if certain restrictions are not imposed upon the proposed parking lot at the historic corner in question, then the plaintiffs will suffer deprivation of their respective rights to equal protection of the law under the Fourteenth Amendment to the United States Constitution.[3] Plaintiffs seek permanently to enjoin construction of the parking lot, the cutting of trees and the leveling of ground, and to rescind the building permit granted by the City of Jackson. The defendants respond that they are required by Ordinances of the City of Jackson to provide a certain number parking spaces in excess of what is currently available, and that the project in question is for the purpose of compliance with the City of Jackson's requirements.

### Removal and Remand

■ Title 28 U.S.C. § 1441(a), the general removal statute, provides for removal "by the defendant or the defendants." Section 1446(a), addressing the procedure for such removal, refers to "[a] defendant or defendants desiring to remove ...." It is well established that in multiple-defendant cases, under the "unanimity rule," grounded in § 1441(a)'s reference to removal by "the defendant or defendants," that for general removal all properly served and joined defendants must consent to the petition for removal of a case to federal court. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1261 & n. 9 (5th Cir.1988). In the instant case the City of Jackson has joined Belhaven College in the removal of the instant case to this federal court.

■ A case is properly removed to federal court on the basis of federal question jurisdiction when the plaintiff's complaint presents a federal question on the face of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), quoting *Caterpillar, Inc. v.*

---

of all civil actions arising under the Constitution, laws, or treaties of the United States."

2. Title 28 U.S.C. § 1447(c) provides that, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The

State court may thereupon proceed with such case."

3. The Fourteenth Amendment of the Constitution of the United States, Section 1, provides that, "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

*Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Generally, the remand of a case that has been removed to federal court is governed by statutory provisions found at 28 U.S.C. §§ 1441(c) and 1447(c) (see footnote 2). *Buchner v. F.D.I.C.,* 981 F.2d 816, 819 (5th Cir.1993). Section 1441(c) provides that, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question jurisdiction], is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates".

### Federal Question Jurisdiction

■ In cases removed from state court, the removing party has the burden of establishing federal jurisdiction over the controversy. *Vasquez v. Alto Bonito Gravel Plant Corp.,* 56 F.3d 689, 692 (5th Cir. 1995); *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992); *Kidd v. Southwest Airlines Co.,* 891 F.2d 540, 543 (5th Cir.1990); *see also 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure,* § 3739, at 470 (noting that it "is well-settled ... [that] the removing party bears the burden of proof as to all elements of the removal's propriety").

■ As above observed, plaintiffs' first amended complaint specifically alleges an equal protection claim under the Fourteenth Amendment to the Constitution of the United States (see footnote 3). This allegation provides an appropriate basis for this court to assume jurisdiction over this lawsuit. *Caterpillar,* 482 U.S. at 392,

107 S.Ct. at 2429 (removal jurisdiction based upon a federal question exists when a federal question is presented on the face of plaintiff's properly pleaded petition); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326–27 (5th Cir. 1998). Still, since this first amended complaint features state claims, too, this court has discretion to remand this entire case to state court should this court determine that the state law claims predominate. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (Title 28 U.S.C. § 1367(c)(1) and (2) [4] empower the federal court to remand a case involving pendent claims which raise novel or complex issues of state law or which predominate over federal claims).

### The State Law Claims

The state law claims in the instant case seek permanent injunctive relief and to rescind a building permit issued by the City of Jackson. These state law claims are closely linked to the plaintiffs' claim that their respective rights to equal protection under the Fourteenth Amendment will be violated if the parking lot project in question is permitted to go forward. Title 28 U.S.C. § 1367(a) provides that, "[e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts *shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.* Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional par-

---

4. Title 28 U.S.C. § 1367(c)(1) and (2) provides that, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction ...."

ties" (emphasis added). The United States Supreme Court "has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.' " *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164–65, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997), quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 387, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); and *Copling v. Container Store, Inc.*, 174 F.3d 590, 594 (5th Cir.1999).

### *The Analysis*

■ "Federal courts are courts of limited jurisdiction ... [and] must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Insurance Company*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001). Moreover, the defendants in the instant case bear the burden of demonstrating this court's federal question jurisdiction and that removal was proper. *Manguno v. Prudential Property and Casualty Insurance Company*, 276 F.3d 720, 723 (5th Cir.2002).

The state law claims in the instant case simply do not predominate over the plaintiffs' federal causes of action under the Fourteenth Amendment. Plaintiffs assert in their first amended complaint, Paragraph 39, the following:

If City's ordinances and/or the Belhaven & Belhaven Heights Historic District Design Guidelines did not include some restrictions on Belhaven College, which occupies a large area in the middle of the District, then the Plaintiffs, and all Historic District residents, would be deprived of the equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution. That is, while the Plaintiffs and other Historic District residents are required to maintain their property according to historical standards, the Belhaven College property—which dominates the middle of the District—would be free of any such restrictions. In the alternative only, then, if this Court holds that the "commercial corridor" guidelines in Section 5 of the Belhaven & Belhaven Heights Historic District Design Guidelines do not apply to Pinehurst Place and Greymont Avenue, then, to remedy the equal protection violation, this Court should enjoin the City to require the entire campus of Belhaven College to be encompassed within the Historic District, and then proceed to the question whether the parking lot is consistent with the Guidelines.

The above passage clearly shows that plaintiffs' reliance upon the guarantees of the Fourteenth Amendment are more than passing and tangential.

Thus, this court is persuaded not to remand this case, particularly when the defendants properly have removed this case to federal court. This court has federal question jurisdiction over the plaintiffs' constitutional claim pursuant to Title 28 U.S.C. § 1331, and supplemental jurisdiction over their request for injunctive relief and their request to rescind the City of Jackson's building permit pursuant to Title 28 U.S.C. § 1367(a). *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164–65, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). Therefore, this court has removal jurisdiction over all of the plaintiffs' claims pursuant to Title 28

U.S.C. § 1441(a) & (b).[5] *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (Congress made the removal jurisdiction of the federal district courts coextensive with the federal district courts' original jurisdiction).

### *Conclusion*

Therefore, based on the foregoing authority and analysis, the plaintiffs' motion asking this court to remand this lawsuit to the Chancery Court for the First Judicial District of Hinds County, Mississippi, is hereby denied. The parties are directed to contact the assigned United States Magistrate Judge within ten (10) days of the date of this order to obtain a case management order. Further, the parties are directed to contact this court to obtain a date and time to argue defendants' motion to dissolve the temporary restraining order that was imposed upon the parties prior to the removal of this lawsuit from state court.

### *ORDER*

Before the court are the following motions and the court's ruling on each.

Docket # 4–1 and 4–2: Motion by all plaintiffs to clarify temporary restraining order or, in the alternative, for extension of order. Both parts of this motion are moot.

Docket # 5–1: Motion by defendant Belhaven College for partial relief from temporary restraining order. This motion is moot.

Docket # 7–1: Motion by all plaintiffs to strike [3–2] counterclaim by counter-claimant by defendant. This motion is denied, with leave by the court to refile said motion after the Magistrate Judge has entered a Scheduling Order in this case.

Docket # 11–1: Motion by defendant Belhaven College for W. Rodney Clement, Jr., and the Brunini Law Firm to withdraw as attorney. This motion is granted. Attorney Clement has confessed the motion.

Docket # 18–1: Motion by defendant Belhaven College for leave to file surrebuttal. This motion is moot.

---

**5.** Title 28 U.S.C. § 1441(a) & (b) provide that, "(a) [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded. (b) *Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.* Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" (emphasis added).